## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ASHLEY NORWOOD, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

48FORTY SOLUTIONS, LLC,

Defendant.

Case No. 1:20-CV-1649

Judge Edmund E. Chang

Magistrate Judge Jeffrey Cole

### DEFENDANT 48FORTY SOLUTIONS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND PLAINTIFF'S CLAIM FOR DAMAGES

The core question here is whether Plaintiff Ashley Norwood, a former employee of Defendant 48forty Solutions, LLC ("48forty"), can represent a class of plaintiffs that doubtless will seek a mountain of liquidated damages under the Illinois Biometric Information Privacy Act ("BIPA") for alleged injuries that occurred in the workplace when clocking in and out of work each day. For the reasons set forth below, Norwood's claim for damages is barred under the Illinois Workers' Compensation Act, which provides the exclusive remedies for workplace injuries arising amid the employer-employee relationship. Accordingly, 48forty requests that the Complaint be dismissed with prejudice to the extent it seeks damages because Norwood's allegations affirmatively establish that he cannot obtain monetary relief under BIPA.[1]

48forty further requests that the remainder of the Complaint be dismissed, as well. In short, not all violations of BIPA are actionable. According to the plain language of the statute, a plaintiff may obtain relief only if he can establish that the defendant "negligently," "recklessly," or "intentionally" violated BIPA's provisions. Rather than assert a matter of substance, Norwood merely parrots the language of the statute without a single allegation setting forth what exactly

---

[1] 48forty is not asserting that the Workers' Compensation Act precludes Norwood's claim for injunctive relief under BIPA, but only that it bars his claim for damages.

48forty did to contravene the standard of care or act with requisite intent.  As a result, Norwood has not alleged a plausible claim, thus warranting dismissal for failure to state a claim under the *Twombly-Iqbal* standard.

## **BACKGROUND**

Norwood is a former employee of 48forty.  (*See* Compl. at ¶1)  Norwood alleges he "was required to 'clock-in' and 'clock-out' using a timeclock that operated, at least in part, by scanning [his] fingerprint" (*id.* at ¶31) and that he did so "[e]ach time [he] began and ended his workday" and "for lunches" (*id.* at ¶35).  Norwood further alleges 48forty implemented this system as "an authentication method to track [his] time" and that 48forty "subsequently stored [his] biometric data in its database(s)."  (*Id.* at ¶33)  Norwood contends these time-keeping practices have "continuously and repeatedly [ ] exposed [him] to the risks and harmful conditions created by [48forty's] violations of BIPA" (*id.* at ¶39).

Norwood alleges that these practices violated multiple provisions of BIPA.  In particular, the Complaint alleges that 48forty:

- Failed to inform Norwood in writing that his biometric identifiers and biometric information were being collected and stored in violation of 740 ILCS 14/15(b)(1);

- Failed to inform Norwood in writing of the specific purpose and length of term for which his biometric identifiers or biometric information was being collected, stored, and used in violation of 740 ILCS 14/15(b)(2);

- Failed to obtain written releases from Norwood before it collected, used, and stored their biometric identifiers and information in violation of 740 ILCS 14/15(b)(3); and

- Failed to provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information in violation of 740 ILCS 14/15(a).

(*Id.* at ¶¶73, 74, 78, 79, 82, 83, 87, 88)  On behalf of himself and a putative class, Norwood seeks: [1] injunctive and declaratory relief by requiring 48forty to comply with BIPA's requirements for the collection, storage, and use of biometric information; [2] liquidated damages of $1,000 per violation

"for each" of 48forty's negligent violations; [3] liquidated damages of $5,000 per violation "for each" of 48forty's "intentional and/or reckless" violations; and [4] reasonable attorneys' fees, costs, and expenses. (*Id.* at ¶¶80, 90)

## LEGAL STANDARD[2]

### I. Workers' Compensation Exclusivity.

With respect to Workers' Compensation exclusivity (Argument Section I), this motion does not challenge the sufficiency of Norwood's allegations under the *Twombly-Iqbal* standard. Rather, 48forty's contention is that the allegations in the Complaint demonstrate that Norwood's BIPA claim is incompatible with, and hence cannot survive, 48forty's exclusivity defense under the Illinois Workers' Compensation Act. *See NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018), *reh'g denied* (Jan. 4, 2019) ("when a plaintiff's complaint [ ] sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate"); *John K. Maciver Inst. for Pub. Policy, Inc. v. Schmitz*, 885 F.3d 1004, 1014 (7th Cir. 2018) (same). In other words, 48forty is moving to dismiss based on Workers' Compensation exclusivity because Norwood has "pleaded himself out of court" "by alleging facts that show [] he has no legal claim" to obtain damages under BIPA. *See Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016).

### II. The *Twombly-Iqbal* Standard

With respect to whether Norwood has adequately stated a claim (Argument Section II), the *Twombly-Iqbal* standard applies. Under that standard, a complaint "does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face."

---

[2] The two bases for dismissal asserted herein are both submitted in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. The argument regarding Workers' Compensation Exclusivity asserts that Norwood fails to state a claim because his allegations affirmatively establish that he cannot state a claim for damages against his former employer for alleged workplace injuries arising out of the course of his employment. (*See* Argument Section I) The "plausibility" argument, in contrast, asserts that Norwood has failed to state a claim because he has not alleged facts establishing a "plausible" entitlement to relief, in contravention of the *Twombly-Iqbal* standard. (*See* Argument Section II)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Bare "legal conclusions" and "threadbare recitals of the elements of a cause of action" are not sufficient to survive a motion to dismiss, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), because a plaintiff cannot "merely parrot statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (parentheses in original). *See also McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (affirming dismissal where "[m]any of the alleged 'facts' are actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss"). In other words, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581.

## ARGUMENT

I. **The Illinois Workers' Compensation Act Provides The Exclusive Damages Remedy For Workplace Injuries Like The Injury That Norwood Alleges Here.**

The Illinois Workers' Compensation Act preempts Norwood's claim for damages under BIPA. The Workers' Compensation Act created a system where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries and occupational diseases arising out of and in the course of employment." *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶12. "As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury." *Sharp v. Gallagher*, 95 Ill. 2d 322, 326 (1983) (internal quotation omitted); *Cooley v. Power Constr. Co., LLC*, 2018 IL App (1st) 171292, ¶12 ("Employees that are injured at work do not have a cause of action against their employer, and their exclusive remedy is to apply for benefits under the Workers' Compensation Act"); *see also* 820 ILCS § 305/5(a) (setting forth exclusivity provision); 820 ILCS § 305/11 (the "compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer"). The policy reasons for exclusivity are

manifest: the workers' compensation system acts as a form of insurance, providing for an exclusive system of liability for work-related injuries in return for relief from the prospect of large damage claims. *See Wielgus v. Ryobi Techs., Inc.*, 875 F. Supp. 2d 854, 860 (N.D. Ill. 2012); *see also Sims v. Teepak, Inc.*, 143 Ill. App. 3d 865, 868–69 (4th Dist. 1986) (noting that this "'exclusive remedy' provision is an essential element of the comprehensive workers' compensation scheme").

The plain language of the Exclusivity Provisions bars employees (like Norwood) from recovering statutory damages against their employers under BIPA for a workplace injury. According to that plain language, an employee has "no common law **or statutory right** to recover damages from the employer * * * for injury [ ] sustained by [the] employee while engaged in the line of [ ] duty," 820 ILCS § 305/5(a) (emphasis added), or for an injury "arising out of and in the course of the employment," 820 ILCS § 305/11. *See also Richardson v. Cty. of Cook*, 250 Ill. App. 3d 544, 547 (1st Dist. 1993) (the exclusivity provisions specifically establish that an employee has no "statutory right to recover damages from the employer * * * for injuries incurred in the course of her employment") (internal quotation omitted). As the Illinois Supreme Court explains, "[t]he language of [820 ILCS § 305/5(a)], read alone, **leaves no room for construction** [because] it bars any 'statutory right to recover damages for injury,'" *Gannon v. Chicago, M., St. P. & P. Ry. Co.*, 13 Ill. 2d 460, 462-63 (1958) (emphasis added), which is why courts have held, time and time again, that the Exclusivity Provisions bar employee attempts to recover damages under a whole host of statutes. *See, e.g., id.* (describing Section 5(a) as having a "broad sweep" and holding that the Workers' Compensation Act barred employee claim under the Scaffold Act); *Vacos v. LaSalle Madison Hotel Co.*, 21 Ill. App. 2d 569, 572 (1st Dist. 1959) (same regarding employee claim under the Dram Shop Act; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the Workers' Compensation Act); *Carey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484 (2d Dist. 1977) (same regarding employee claim under the Structural Work Act); *Copass v. Ill. Power Co.*, 211 Ill. App.

3d 205, 207-14 (4th Dist. 1991) (same regarding employee claim under the Public Utilities Act); *see also Laird v. Baxter Health Care Corp.*, 272 Ill. App. 3d 280, 285 (1st Dist. 1994), *as modified* (May 22, 1995) (noting that wrongful death claim would be preempted by Workers' Compensation Act). This authority controls the outcome here: the Workers' Compensation Act "leaves no room for construction" because its plain language bars any statutory right an employee has to recover damages against an employer for a workplace injury, such as a statutory right to damages under BIPA that an employee (like Norwood) asserts against an employer (like 48forty).

This is why the cases that have addressed "privacy injuries" in the workplace have determined that those injuries fall within the Exclusivity Provisions. *See Goins v. Mercy Ctr. for Health Care Servs.*, 281 Ill. App. 3d 480, 487–88 (2d Dist. 1996) (holding that an employee's claim under the AIDS Confidentiality Act, 410 ILCS 305/1 *et seq.*, would have been preempted by Workers' Compensation exclusivity but for the determination that the employer, a hospital, was acting not in its capacity as an employer, but rather as a medical provider to an injured employee); *Richardson*, 250 Ill. App. 3d at 546, 548 (injury arising from plaintiff being forced to "disrobe" in the presence of co-workers to be "an injury that is compensable under the Act if it was sustained during the course of employment and arose from that employment"); *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1029-31, 1038 (2d Dist. 1999) (affirming dismissal under Exclusivity Provisions of claims against employer where plaintiff alleged that co-employees "engaged in a systematic spying operation on plaintiffs through a hole in the ceiling of the [] women's bathroom"). The injuries in *Richardson* (based upon disrobing in front of co-workers) and *Benitez* (based upon being spied on while using a workplace bathroom) can also be characterized as a loss of privacy rights (just as Norwood characterizes his purported injury (Compl. at ¶¶8, 9, 19, 29, 41, 63, 89), yet, the Exclusivity Provisions were deemed to apply. *See Richardson*, 250 Ill. App. 3d at 548; *Benitez*, 305 Ill. App. 3d at

-6-

1029-31, 1038; *see also Goins*, 281 Ill. App. 3d at 487–88.  Irrespective of the label Norwood uses to describe his alleged workplace injury, or how he characterizes it, the same result should obtain here.[3]

**A.      Norwood Cannot Establish That His Alleged Injury Is Excepted From The Broad Exclusivity Provision Of The Workers' Compensation Act.**

To circumvent these exclusivity provisions, Norwood must demonstrate that his injury [1] "was not accidental," [2] "did not arise from her employment," [3] "was not received during the course of her employment," or [4] "is not compensable under the Act."  *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears burden of establishing exception to Workers' Compensation exclusivity provision).  No exception to exclusivity applies here.

**1.      Norwood's Alleged Injury Is "Accidental" For Purposes Of Determining Workers' Compensation Exclusivity.**

To the extent Norwood has suffered an "injury" from placing his finger on a time-clock scanner, his injury is "accidental."  To begin, the Complaint does not allege facts that could plausibly be construed as "willful" conduct.  (*See* Argument Section II below.)  Even if it did, courts have construed the term "accidental" "to be a comprehensive one that is almost without boundaries," such that it that includes "willful and wanton" conduct, *see Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 703-04 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) (citing authority; internal quotation omitted), and all other conduct except that where the "employer [ ] acted deliberately and with specific intent to injure the employee," *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶29; *Copass*, 211 Ill. App. 3d at 214 (similar); *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 35 (1st Dist. 1994) (similar).  And because there are no allegations that 48forty implemented a time-clock system with the specific intent of injuring Norwood—nor can there be given the

---

[3] If labels and characterizations of workplace injuries dictate whether they are barred under the Illinois Workers' Compensation Act, then surely the floodgates would open for plaintiffs to characterize their workplace injuries in such a way as to avoid exclusivity.

constraints of Rule 11 of the Federal Rules of Civil Procedure—Norwood's injury is accidental, and he cannot establish that the first exception to exclusivity applies.

> **2. Norwood's Alleged Injury Arose Out Of, And During The Course Of, His Employment With 48forty, Thus, It Is "Compensable" Under The Workers' Compensation Act.**

The remaining exceptions likewise do not apply. Norwood admits that his alleged injuries arose out of, and occurred during the course of, his employment with 48forty (*see, e.g.*, Compl. at ¶¶1, 6, 8, 14, 15, 18, 31-35, 41, 46-57), which in turn means that his injury is "compensable," as ample Illinois Supreme Court precedent confirms. *See Folta*, 2015 IL 118070 at ¶¶18-30 (broadly construing exclusivity provisions of Sections 5(a) and 11 to hold that an injury will be found to be "compensable under the Act" when it "aris[es] out of and in the course of the employment"); *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 468 (1990) (similar); *Unger v. Continental Assurance Co.*, 107 Ill. 2d 79, 85 (1985) (similar); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237–38 (1980) (similar); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43 (1965) (similar); *see also Richardson*, 250 Ill. App. 3d at 548 (injury "is compensable under the Act if it was sustained during the course of employment and arose from that employment"). Thus, Norwood cannot establish that his alleged injury avoids the exclusivity provision of the Workers' Compensation Act, and his claim for damages should be dismissed.

> **B. BIPA Did Not Repeal The Exclusivity Provision In The Illinois Workers' Compensation Act.**

There is no reason to think that, by enacting BIPA, the Illinois legislature sought to upheave the liability protection to common law and statutory claims that employers enjoy with respect to workplace-related injuries. For starters, BIPA appears in Chapter 740 of the Illinois Code, which is titled "Civil Liabilities," whereas laws specifically applicable to employers and their employees are contained in Chapter 820, which is aptly named the "Employment" chapter of the Illinois Code. Moreover, BIPA's "Legislative Findings" section makes no mention of employers or employees, 740 ILCS § 14/5, and, in fact, the terms "employment" and "employee" are only contained in BIPA at

the end of 740 ILCS § 14/10, buried within the definition of the phrase "written release." Accordingly, because there is no express repeal of Workers' Compensation exclusivity, BIPA "should not be construed to effect a change in the settled law of the State" because neither its place in the Illinois Code nor its text "clearly require[s] such a construction," *In re May 1991 Will Cty. Grand Jury*, 152 Ill. 2d 381, 388 (1992), particularly since it is the Workers' Compensation Act, not BIPA, that contains an exclusivity provision, *see Gannon*, 13 Ill. 2d at 463 (holding that Workers' Compensation Act preempts employee claim brought under a statute). Even if there were "[a]n apparent conflict between statutes, they must be construed in harmony," *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶37, "so that no provisions are rendered inoperative," *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458–59 (2002); *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441–42 (2005) (the "court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible"). Here, it is easy to give effect to both BIPA and the Workers' Compensation Act: to the extent an employee can demonstrate that injunctive or declaratory relief is appropriate, then that employee can obtain redress under BIPA; but to the extent the employee seeks a "statutory right" to damages under BIPA, that claim is preempted by the exclusive remedies afforded under the Illinois Workers' Compensation Act.

      C.    **That Exclusivity Bars A Statutory Claim For Damages Does Not Conflict With The Illinois Supreme Court's Decision In *Rosenbach v. Six Flags*.**

If the past is any indication of the future, Norwood's attorneys will respond to this motion by invoking the Illinois Supreme Court's recent decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶¶1-43. But *Rosenbach* must not be over-read. In that case, the certified questions before the Illinois Supreme Court dealt only with the issue of what it means to be an "aggrieved person" under section 20 of BIPA. *Rosenbach v. Six Flags Entm't Corp.*, 2017 IL App (2d) 170317, ¶15, *appeal allowed*, 98 N.E.3d 36, *and rev'd*, 2019 IL 123186, ¶40. Accordingly, in answering those questions, the

Supreme Court resolved the pure legal question of what "fulfill[s] the statutory conditions in order to sue for legislatively created relief." *People v. Coe*, 2018 IL App (4th) 170359, ¶43. The Supreme Court, however, did not address Workers' Compensation exclusivity, which is an affirmative defense, *Milton v. Illinois Bell Tel. Co.*, 101 Ill. App. 3d 75, 81 (1st Dist. 1981) ("application of the Workmen's Compensation Act must be raised by an employer as an affirmative defense"), *Hiatt v. W. Plastics, Inc.*, 2014 IL App (2d) 140178, ¶105 (same), that was not at issue in the certified questions before the Court, *see Long v. Elborno*, 397 Ill. App. 3d 982, 988 (1st Dist. 2010) (under Rule 308 "our examination is strictly limited to the certified question presented to the court."); *Spears v. Ass'n of Illinois Elec. Co-op.*, 2013 IL App (4th) 120289, ¶15 (same). Thus, the Illinois Supreme Court simply did not address the interplay between BIPA and the Workers' Compensation Act.

That said, 48forty will again note that Workers' Compensation exclusivity does not prevent an employee from pursuing redress under BIPA. Rather, an employee can potentially seek injunctive and declaratory relief under BIPA, but not damages, for it is the right to damages to which exclusivity pertains. 820 ILCS § 305/5(a) (providing that an employee has "[n]o common law or statutory right **to recover damages** from the employer") (emphasis added). Accordingly, to the extent Norwood seeks monetary relief under BIPA, his claims must be dismissed.

## II.   The Court Should Dismiss The Complaint Because Norwood's Conclusory Allegations Fail To Satisfy the *Twombly-Iqbal* Standard.

The remainder of the Complaint should be dismissed, as well. In particular, Norwood's claim fails because "[BIPA] only subjects violators to statutory damages if there is negligence or willfulness." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1104 (N.D. Ill. 2017). In other words, by BIPA's own terms, not every violation is "negligent," "reckless" or "willful," and therefore not every violation gives rise to a cognizable claim. Accordingly, a conclusion that Norwood has sufficiently alleged negligence, recklessness, or intent by alleging technical violations of BIPA alone would impermissibly render statutory terms superfluous. *See People v. Trainor*, 196 Ill. 2d 318, 331-32 (2001).

-10-

This is not an idle point.  BIPA expressly sets forth a negligence standard, requiring entities who possess "biometric identifiers or biometric information" to employ a "reasonable standard of care within the private entity's industry[.]" 740 ILCS 14/15(e); *Demos v. Ferris-Shell Oil Co.*, 317 Ill. App. 3d 41, 54 (1st Dist. 2000) ("Evidence of standards promulgated by industry, trade, or regulatory groups or agencies may properly be admitted to aid the trier of fact in determining the standards of care in negligence actions.") (citation omitted).  Yet, the Complaint contains no allegations that 48forty's conduct deviated from the reasonable standard of care taken by other employers, in any industry, with respect to the BIPA, and there is not a single allegation—not one— suggesting that 48forty stored or handled information in a manner less protective than it stored other information or in an unreasonable manner.  Rather, as to his allegations that 48forty violated Sections 15(a) and 15(b) of BIPA (regarding publishing a biometric retention schedule and providing notice and consent before collecting biometrics), the Complaint does little more than parrot BIPA's statutory language (*See e.g.*, Compl. at ¶¶73-79, 82-89), which "contributes nothing to the plausibility analysis under *Twombly/Iqbal*," *McCauley*, 671 F.3d at 617.  By merely parroting the statutory language, Norwood has failed to plausibly allege that 48forty negligently violated BIPA.

So, too, does Norwood fail to plausibly allege "reckless" or "intentional" conduct.  *See Rivera*, 238 F. Supp. 3d at 1104.  The Complaint is completely devoid of facts supporting an allegation that Defendant's conduct was "reckless" or "intentional," and does not even reference such conduct on the part of 48forty.  Accordingly, Plaintiff's claim should be dismissed.  *See, e.g.*, *Napoles v. Johnson*, No. 12 CV 10220, 2015 WL 755388, at *1 (N.D. Ill. Feb. 20, 2015) (dismissing complaint because it "contains no allegations supporting an inference of willful and wanton conduct, whether intentional or reckless in nature").  At the very least, the Court should strike Norwood's prayer for $5,000 in statutory damages because nothing in the Complaint can be read to suggest that 48forty recklessly or intentionally violated a duty it allegedly owed to Norwood, particularly where Norwood has not

alleged injury or harm. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012) (noting that a plaintiff must allege an actual injury to recover liquidated damages because liquidated damages "are intended to be an estimate of actual damages.").

## CONCLUSION

The allegations in the Complaint establish that whatever alleged injury Norwood suffered as a result of 48forty's conduct occurred in the workplace in connection with his employment. Accordingly, his claim for damages under BIPA is preempted by the Illinois Workers' Compensation Act, which provides the exclusive remedy for injuries that occur in the workplace, and that claim should be dismissed in accordance with Rule 12(b)(6) based upon the inescapable legal effect of Norwood's allegations. In addition, Norwood has failed to allege a plausible claim. Rather than plausibly alleging that 48forty deviated from the standard of care or acted with the requisite intent, Norwood merely sets forth a boilerplate recitation of statutory language on the apparent belief that the Court can summarily determine and declare that 48forty's actions were negligent or else "reckless" or "willful." Accordingly, the Complaint should be dismissed because the *Twombly-Iqbal* standard requires far more.

DATED: July 8, 2020                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By: /s/ Joseph A. Donado

                                       Richard P. McArdle (rmcardle@seyfarth.com)
                                       Joseph A. Donado (jdonado@seyfarth.com)
                                       Danielle M. Kays (dkays@seyfarth.com)
                                       SEYFARTH SHAW LLP
                                       233 South Wacker Drive; Suite 8000
                                       Chicago, Illinois 60606
                                       Telephone: (312) 460-5000
                                       Facsimile: (312) 460-7000

                                       *Attorneys for Defendant 48forty Solutions, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT 48FORTY SOLUTIONS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND PLAINTIFF'S CLAIM FOR DAMAGES** to be served upon counsel of record via the Court's ECF system on this 8th day of July 2020.

/s/ Joseph A. Donado

64636262v.4