# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASHLEY NORWOOD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No.: 1:20-cv-1649 |
| 48FORTY SOLUTIONS, LLC, | ) ) ) |
| *Defendant*. | ) ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Ashley Norwood, on his own behalf and on behalf of the putative class members, files his Response in Opposition to Defendant's Motion to Dismiss. Given that, to Plaintiff's Counsels' knowledge, not a single court has found that BIPA is preempted by the Illinois Workers' Compensation Act, Plaintiff attempts to keep this brief short. As set forth herein, Defendant's motion should be denied.

### I. INTRODUCTION

Plaintiff Ashley Norwood's former employer, Defendant 48forty Solutions, LLC ("48forty"), violated the Biometric Information Privacy Act ("BIPA") by forcing him and thousands of other similarly-situated employees to hand over their personal biometric information without prior, written consent or making statute-mandated disclosures. BIPA "vests in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 34. When collectors fail to comply, those whose data was collected have private rights of action – as they have suffered actual harm under BIPA. *Id.* at ¶ 38.

1

Defendant takes the stance that BIPA claims are preempted by the Illinois Workers' Compensation Act, which provides the exclusive remedies for workplace injuries arising amid the employer-employee relationship. This position has been squarely rejected by courts throughout the State, as explained below.

## II. BACKGROUND

Private entities that collect biometric identifiers (such as fingerprints) or biometric information (information based on identifiers) must inform the subject of the collection of the complete purposes of the collection, its duration, and obtain written consent, 740 ILCS 14/15(b), and publish a retention policy explaining the collection's purpose and length of time information will be stored, 740 ILCS 14/15(a). While BIPA treats all forms of biometric collection equally, it does address employers by specifically defining a "written release ... in the context of employment" to mean "a release executed by an employee as a condition of employment." 740 ILCS 14/10. The Illinois legislature provided a private right of action to enforce BIPA rights, as well as a statutory remedy. The statute provides that "[a]ny person aggrieved by a violation of this Act shall have a right of action in a State circuit court." 740 ILCS 14/20. Once a party successfully proves the violation of their rights under BIPA, that "prevailing party" may recover "against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater ...." 740 ILCS 14/20(1).

When new employees first begin working for Defendant, they are required to have their fingerprint scanned. (ECF 1-1, Compl. at ¶ 2). Subsequently, each time an employee clocks in or out of work Defendant requires employees to scan his or her fingerprint. (*Id*. at ¶¶ 31-32). Plaintiff was required to scan his fingerprint into the system. (*Id*. at ¶¶ 42-44) Defendant did not obtain Plaintiff's prior written consent to do so. (*Id*. at ¶ 47). Given its failure to comply with BIPA, Defendant seeks to avoid the legislatively imposed consequences of its non-compliance with a decade old statute (which

the Illinois Supreme Court made clear "[c]ompliance should not be difficult." *Rosenbach*, 2019 IL 123186, ¶ 37).

### III. ARGUMENT

#### A. THE ILLINOIS WORKERS' COMPENSATION ACT IS INAPPLICABLE HERE

Defendant argues that Plaintiff's claim is preempted by the IWCA because it occurred in relationship to his employment. As the First District just observed, "[s]imply because an employer opts to use [biometric information] for timekeeping purposes does not transform a complaint" under BIPA into an employment claim. *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. Defendant's argument has already been tried… and rejected… by other judges in Illinois, because "the injury that [plaintiff] suffered was the loss of the ability to maintain her privacy rights. This is neither a psychological nor physical injury and is not compensable under the [IWCA]." Ex. 1, *McDonald* Order, p. 3; Ex. 2, Order, p. 3. As such, the IWCA preemption argument fails.[1]

**1. Norwood's injury is not compensable and thus not preempted by IWCA.**

The IWCA preempts employee claims "for injury or death sustained by any employee while engaged in the line of his duty." *See* 820 ILCS 305/5(a). But it does not preempt every claim related to workplace conduct – only suits for injuries that are compensable under the Act. *See Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237 (1980); *Sharp v. Gallagher*, 95 Ill. 2d 322, 326 (1983) ("the statutory remedies … serve as the employee's exclusive remedies if he sustains a compensable injury."). The injury that occurs when a statutory privacy right is invaded is not compensated under

---

[1] Many other courts are in accord. *See*, *Woodard v. Dylan's Candybar LLC*, No. 19CH05158 (Cir. Ct. Cook Cty. Nov. 20, 2019) (attached hereto as Ex. 3); *Figueroa v. Tony's Finer Foods Enterprises, Inc., et al.*, No. 18CH15728 (Cir. Ct. Cook Cty. De. 10, 2019) (attached hereto as Ex. 4); *Carrasco v. Freudenberg Household Products, LP*, No. 19L279 (Cir. Ct. Kane Cty. Nov. 15, 2019) (attached hereto as Ex. 5); *Marion v. Ring Container Technologies, LLC*, No. 19L89 (Cir. Ct. Kankakee Cty. Jan. 26, 2020) (attached hereto as Ex. 6); *Robertson v. Hostmark Hospitality Group, Inc., et al.*, No. 18CH5194 (Cir. Ct. Cook Cty. July 31, 2019) (attached hereto as Ex. 7); *Slater, et al. v. H&M, et al.*, No. 18CH16030 (Cir. Ct. Cook Cty. Nov. 4, 2019)(attached hereto as Ex. 8).

3

the IWCA, because it is not a physical injury or comparable to one. *See*, *Treadwell v. Power Sols. Int'l, Inc.*, 427 F. Supp. 3d 984, 993 (N.D. Ill. 2019) (denying motion to dismiss based on argument of IWCA preemption).

The IWCA provides financial protection for workers who cannot work due to on-the-job injuries. *Murff v. Illinois Workers' Comp. Comm'n*, 2017 IL App (1st) 160005WC, ¶ 16. As such, the IWCA focuses on physical injuries that inhibit the employee's ability to work – generating countless cases on what qualifies as an injury. Non-physical injuries are generally not compensable through the IWCA and are not preempted, except in rare (often horrific) cases. *Compare Pathfinder Co. v. Indus. Comm'n*, 62 Ill. 2d 556, 563 (1976) ("sudden, severe emotional shock traceable to a definite time, place and cause which causes psychological injury or harm" compensable under IWCA) *with Toothman v. Hardee's Food Sys., Inc.*, 304 Ill. App. 3d 521 (5th Dist. 1999) (emotional injuries resulting in no medical bills or missed work not compensable). The seminal treatise on workers' compensation summarizes the distinction as follows:

> If the essence of the tort [] is non-physical, [] with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, *including in "physical" the kinds of mental or nervous injury that cause disability*, the action should be barred even if it can be cast in the form of a normally non-physical tort.

Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law, § 68.34(a) at 13–180 (1997) (original emphasis). The physical/non-physical distinction is borne out in Illinois case law. *Toothman*, 304 Ill. App. 3d at 533 ("[F]or injuries to be compensable ... there must be some demonstrable medical evidence of injury"); *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30 (mental harm compensable where "related to and caused by a physical trauma or injury").

Invasion of a statutory privacy right is not the type of disability-causing injury that the IWCA compensates. Section 8 of the IWCA, 820 ILCS 305/8, sets out what is recoverable in non-fatal cases like this. That section says nothing about compensating individuals for violations of their biometric privacy rights, nor do any IWCA cases hold that the law provides such compensation. That makes

4

good sense because the IWCA compensates disabling injury to workers, whereas BIPA's purpose is to regulate biometric collectors and *prevent* harm. Should the Workers' Compensation Commission concern itself with the invasion of statutory privacy rights, BIPA's preventative and regulatory purpose is undone.

The court in *Marino v. Arandell Corp.* relied on this fundamental purpose of workers' compensation laws to find that the Wisconsin workers' compensation scheme did not preempt the state's right to privacy statute. 1 F. Supp. 2d 947, 956 (E.D. Wis. 1998). There, the court observed that injury associated with the statutory violation was essentially non-physical. *Id.* at 954. "Rather, the essence of the 'harm' perpetrated by an invasion of privacy is that a fundamental right, valued by society and protected by statute, has been disregarded." *Id.* at 954–55. Therefore, the court reasoned, the harm posed by the statutory violation was not the "disabling physical or mental injury" contemplated by the workers' compensation act, and was not preempted. *Id.* at 956; *see also Busby v. Truswal Sys. Corp.*, 551 So. 2d 322, 325 (Ala. 1989) (finding invasion of privacy not compensable under Alabama workers' compensation scheme and not preempted); *Vorvis v. S. New England Tel. Co.*, 821 F. Supp. 851, 856 (D. Conn. 1993) (same, for Connecticut); *Garus v. Rose Acre Farms, Inc.*, 839 F. Supp. 563, 569 (N.D. Ind. 1993) (same, for Indiana). For precisely the same reasons, BIPA is not preempted by the IWCA.

Defendant erroneously cites *Folta v. Ferro Eng'g*, 2015 IL 118070, which assessed whether claims surrounding a worker's latent mesothelioma were preempted, even though the disease manifested outside the IWCA's time limitations. *Id.* ¶¶ 1–3. In holding that "the litmus test [for IWCA preemption] is not whether there is an ability to recover benefits[,]" the Supreme Court simply made clear that injuries that are *covered* by the statute are preempted, regardless of whether compensation for those injuries is available in the particular case. *Id.* ¶ 42. The Court observed, in that case, that latent diseases still fall under the IWCA even though they may not manifest until after the statute's

5

time limits have expired – read in context, the opinion is indisputably clear on this point. *See id.* ("Nothing in our statute ... suggests that a temporal limitation removes a work-related injury from the purview of the [WCA].") But this case is not a "temporal injury" case, and even *Folta* makes clear that the IWCA covers injury to "health, disease, or death" *Id.* at ¶ 41. Because this matter is not a temporal issue, and a statutory BIPA injury as pleaded is not one of "health, disease, or death," *Folta* in inapplicable here.

Finally, Defendant's argument, if accepted, has far-reaching effects. Statutory rights aimed at regulating employer behavior – rather than compensating employees who cannot work due to an injury – should not be found preempted by workers' compensation schemes. *See, e.g.*, *Vainio v. Brookshire*, 852 P.2d 596, 601 (Mont. 1993) (sexual harassment claim not "injur[y]" precluded by Montana Workers' Compensation Act). For instance, if an employer violated the AIDS Confidentiality Act by revealing an employee's HIV status or violated the Genetic Information Privacy Act by demanding an employee's genetic information as a condition of employment, the employee's sole recourse cannot be to the Workers' Compensation Commission in every case. *See* 410 ILCS 305/1 *et seq.*; 410 ILCS 513/25(c)(1). This reasoning should, accordingly, be rejected.

## 2. Norwood does not allege accidental conduct.

Defendant's preemption argument fails for a second reason. Defendant's view seems to be that any claim alleging "negligence" (of whatever kind) is "by definition" accidental under the IWCA, but that is hardly the case according to Illinois Supreme Court precedent. "'Accident[al]' is not 'a technical legal term but encompasses anything that happens without design or an event which is unforeseen by the person to whom it happens.'" *Pathfinder*, 62 Ill. 2d at 563 (quoting *Int'l Harvester Co. v. Indus. Com.*, 56 Ill. 2d 84, 88 (1973)).

> An injury is accidental within the meaning of the Act when it is traceable to a definite time, place, and cause, and occurs in the course of the employment unexpectedly and without affirmative act or design of the employee. ... the employee must establish that his employer or co-employee acted deliberately[.]

6

*Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶ 29.

The invasion of Plaintiff's biometric privacy rights was not accidental. Whether Defendant negligently violated BIPA is separate from whether their conduct was "accidental" under the IWCA. Plainly, Defendant's decision to require employees to clock in using fingerprints was not accidental – it resulted from the purposeful "design" of a time tracking system that intentionally utilized fingerprint scanning devices. Defendant's deliberately took actions (*i.e.*, implemented a biometric time clock system without getting consent or making proper disclosures) with the knowledge and intent that Plaintiff would be injured by it, with the "injury" being the privacy violations identified by BIPA (*i.e.*, she would give up her biometric data without executing a written release as required by BIPA). (Compl. ¶¶ 17, 29, 59, 69; *Rosenbach*, 2019 IL 123186, ¶ 36.) While Plaintiff's claim arises from Defendant's failure to provide statutorily mandated notice to her, it does not mean his injury occurred "unexpectedly." *Garland,* 2013 IL App (1st) 112121, ¶ 29; *Toothman*, 304 Ill. App. 3d at 533 (intentional conduct by employer causing foreseeable injury not "accidental"); *see also Bercaw v. Domino's Pizza, Inc.*, 258 Ill. App. 3d 211, 217 (2d Dist. 1994) (where employer "requires employees" to engage in conduct "day after day" it knows it will result in injury, conduct not accidental). Defendant deliberately required Plaintiff to use a fingerprint-scanning time clock. The IWCA is therefore not his exclusive route to recovery.

### 3. The legislature did not intend for the IWCA to preempt BIPA.

The legislature did not intend BIPA claims to be preempted by the IWCA. BIPA explicitly defines its pre-collection "written release" to include "a release executed by an employee as a condition of employment." 740 ILCS 14/10. Thus, "the drafters intended for BIPA to apply to violations by employers in the workplace." Ex. 1, *McDonald* Order, p. 3., Ex. 2, *Fluker* Order, p. 3,. The legislature chose to treat employee and non-employee claims largely the same. There is no support for the differential treatment Defendant advocates. *See People ex rel. Cmty. High Sch. Dist. # 231 v. Hupe*,

2 Ill. 2d 434, 448 (1954) (courts must construe laws "to reflect the obvious intent of the legislature and to permit practical application of the statutes.").

What's more, while the IWCA covers workplace injuries as a general matter, BIPA is a narrow statute protecting a specific privacy right. To the extent the laws conflict by mandating different compensation schemes, the narrower BIPA controls. *See, e.g.*, *Knolls Condo. Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002) ("Where there [is] a general statutory provision and a specific [] provision … the specific provision controls"). Likewise, BIPA postdates the IWCA, and "when two statutes are in conflict ... the more recently enacted statute should be applied over the earlier enacted statute." *In re Jarquan B.*, 2016 IL App (1st) 161180, ¶ 23. To the extent the statutory compensation schemes both apply and therefore conflict, BIPA therefore controls.

### B. PLAINTIFF NEED NOT PLEAD FACTUAL PREDICATES FOR LIQUIDATED DAMAGES, ALTHOUGH HE HAS DONE SO.

BIPA confers a private right of action on "[a]ny person *aggrieved* by a violation" of the law. 740 ILCS 14/20 (emphasis added). The Illinois Supreme Court held that a person is "aggrieved" and is "entitled to seek liquidated damages" when the person alleges that a defendant violates any of his or her rights in Section 15 of BIPA. *Rosenbach*, 2019 IL 123186, ¶¶ 33, 40. Here, Plaintiff alleges that Defendant violated his rights in Section 15 of BIPA based on Defendant's improper collection, possession, and disclosure of Plaintiff's biometric data. Compl. ¶¶ 7-8, 28-31, 51-55, 60-62, 67-69; 740 ILCS 14/15(a), (b), and (d). Thus, Plaintiff has a private right of action against Defendant and is "entitled to seek liquidated damages" as "aggrieved." *Rosenbach*, 2019 IL 123186, ¶ 40.

BIPA's remedies come later. The law provides that "[a] prevailing party may recover" a range of remedies in Section 20, including liquidated damages. 740 ILCS 14/20 (emphasis added). At the outset of the lawsuit, the Court cannot evaluate whether Plaintiff is a "prevailing party." *See Pepper Const. Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶ 97 ("because our

reversal of the summary judgment ruling on the basis of judicial estoppel will require further proceedings, a ruling on prevailing party status and fees would be premature"). As a result, the Court cannot limit Plaintiff's potential remedies at the pleading stage.

Even if Plaintiff was required to plead a negligent or reckless violation, he have done so. Plaintiff alleges that Defendant collected, possessed, and disclosed his biometric data during his employment yet took no action to comply with BIPA. Compl. ¶¶ 7-8, 28-31, 51-55, 60-62, 67-69. One federal court recently held that similar allegations were sufficient for a BIPA plaintiff to pursue damages for a reckless violation: "[T]he BIPA took effect more than ten years ago, and if the allegations of [the] complaint are true—as the Court must assume at this stage—[Defendant] made no effort to comply with its requirements." *Rogers v. BNSF Railway Co.*, No. 19 C 3083, 2019 WL 5635180, at *2 (N.D. Ill. Oct. 31, 2019) Pleading details of what Defendant knew or did not know, facts that Plaintiff had no way of knowing prior to discovery, is not required. *Id.*

## IV.  CONCLUSION

For the reasons stated herein, Defendant's arguments fail, and, therefore, Plaintiff respectfully requests that the motion to dismiss be denied.

Date: August 10, 2020

Respectfully Submitted,

By: */s/ Brandon M. Wise*
Brandon M. Wise – #6319580
Paul A. Lesko - #6288806
**PEIFFER WOLF CARR & KANE, APLC**
818 Lafayette Ave., Floor 2
St. Louis, Missouri 63104
Ph: 314.833.4825
bwise@pwcklegal.com
plesko@pwcklegal.com

**COUNSEL FOR PLAINTIFF
AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 10, 2020, the foregoing was filed with the Court using the Illinois eFiling system and said system will provide notice and allow access to all parties and counsel of record.

                */s/ Brandon M. Wise*