EXHIBIT 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| Marquita McDonald, individually and on behalf of all others similarly situated, | |
| | Case No. 2017-CH-11311 |
| Plaintiff, | |
| | Calendar 2 |
| v. | Courtroom 2601 |
| | |
| Symphony Bronzeville Park LLC, Symcare Healthcare LLC, and Symcare HMG LLC | Judge Raymond W. Mitchell |
| | |
| Defendants. | |

## ORDER

This case is before the Court on Defendant Symphony Bronzeville Park LLC's motion to dismiss Plaintiff McDonald's complaint pursuant to 735 ILCS 5/2-619(a)(9).[1]

### I.

Illinois enacted the Biometric Information Privacy Act ("BIPA") in 2008. 740 ILCS 14. BIPA is an informed consent statute which requires a private entity that collects, captures, purchases, or otherwise obtains a person's biometric information to first inform the subject in writing that biometric information is being collected or stored and the specific purposes and length of term for which the information is being collected, stored, and used. The entity must also obtain a written release from the subject consenting to collection of biometric information. 740 ILCS 14/15(b). The statute also provides a private right of action, including liquidated damages, for any person aggrieved by a violation of the act against a private entity that negligently violates a provision. 740 ILCS 14/20(1).

The facts alleged in the complaint are taken as true for the purpose of ruling on a motion to dismiss. Plaintiff McDonald was employed at Defendant Symphony for three months. During the course of her employment, McDonald was required to scan her fingerprint to track her time at work. McDonald was never provided with nor signed a release consenting to storage of her biometric information. McDonald has also never been informed of the purposes or length of time for which her biometric information was being stored. McDonald claims to have experienced

---

[1] Defendant Symphony's Motion *Instanter* for Leave to File an Oversized Reply Brief is Granted.

mental anguish from being uninformed about what Symphony will do with her biometric information.

Plaintiff McDonald filed a class action complaint on behalf of herself and all other individuals similarly situated against Symphony alleging a violation of BIPA and negligence.

## II.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619. The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Henry v. Gallagher* (In re Estate of Gallagher), 383 Ill. App. 3d 901, 903 (1st Dist. 2008). Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, which defeat the plaintiff's claim. *Ball v. County of Cook,* 385 Ill. App. 3d 103, 107 (1st Dist. 2008).

## A.

Symphony argues McDonald lacks standing to bring suit. Symphony claims that the recent *Rosenbach* decision held that a violation of BIPA was only enough to establish statutory standing, but the affirmative defense of lack of common law standing requires a concrete injury beyond just a violation of the statute. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186. However, in *Rosenbach*, the Court held that when a private entity fails to adhere to the required procedures in BIPA, the affected individuals suffer a "real and significant" injury in that their right to maintain their biometric privacy is taken away. *Id.* at ¶ 34. Additionally, in *Sekura*, the appellate court concluded that a violation of BIPA constituted harm even if the information was not disclosed to a third party. *Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, ¶ 77. If affected individuals had to wait until additional harm had occurred beyond a violation of the Act, it would be "too late, because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply 'no recourse' for prevention." *Id.* at ¶ 59. This would be "completely antithetical to the Act's preventative and deterrent purposes." *Rosenbach*, 2019 IL at ¶ 37.

Symphony also argues that McDonald's only claim of injury is mental anguish over what could happen to her data and relies on *Maglio,* which held that risk of future harm does not constitute an injury. *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782. However, in *Duncan,* the court distinguished *Maglio* because the statute plaintiffs relied on did not expressly grant a private right of action for violations. *Duncan v. FedEx Office & Print Services,*

2019 IL App (1st) 180857, ¶ 25. Additionally, the court held in *Sekura* that mental anguish can constitute a concrete injury. *Sekura*, 2018 IL App (1st) at ¶ 78.

Symphony claims that McDonald's fear of disclosure of her biometric information would exist regardless of their compliance with the requirements in BIPA because it is merely an informed consent statute. However, *Rosenbach* held that a violation of BIPA results in the injury of lost privacy rights. *Rosenbach*, 2019 IL at ¶ 34. The loss of these rights are directly traceable and would not exist without Symphony's alleged violation of the Act.

Finally, Symphony argues that allowing plaintiffs to recover liquidated damages for minor technical violations of the Act, would expose defendants to substantial liability that would amount to punitive damages. However, the Court in *Rosenbach* stated that this liability gives these entities "the strongest possible incentive to conform to the law." *Id.* at ¶ 37. It should not be too difficult or costly for entities to comply. *Id.*

B.

Symphony also argues that if McDonald did suffer an injury, her claim is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305. The Act is the exclusive remedy for workplace injuries unless the employee can demonstrate her injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In *Schroeder*, the court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30. However, the injury that McDonald suffered was the loss of the ability to maintain her privacy rights. This is neither a psychological nor physical injury and is not compensable under the Act.

Additionally, in *Liu*, the court stated that the Act applies "inside and outside the workplace." *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace. 740 ILCS 14/10.

III.

Therefore, it is hereby ORDERED:

(1)     Defendant Symphony's motion to dismiss Plaintiff McDonald's
        complaint is DENIED.

(2)     Defendant has until July 18, 2019 to answer.

(3)     The ruling date set for June 21, 2019 at 10:00 a.m. is stricken.

(4)     The case is continued to August 7, 2019 at 10:00 a.m.

Judge Raymond W. Mitchell

ENTERED,

JUN 1 7 2019

Circuit Court –

Judge Raymond W. Mitchell, No. 1992

4

# EXHIBIT 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Mitchell Fluker, | |
| Plaintiff, | Case No. 17 CH 12993 |
| v. | Calendar 2<br>Courtroom 2601 |
| Glanbia Performance Nutrition, Inc., | Judge Raymond W. Mitchell |
| Defendant. | |

## ORDER

This case is before the Court on Defendant Glanbia Performance Nutrition, Inc.'s motion to dismiss Plaintiff Mitchell Fluker's complaint pursuant to 735 ILCS 5/2-619.1.

### I.

The complaint alleges as follows: Plaintiff Mitchell Fluker worked for Defendant Glanbia Performance Nutrition, Inc. from July 2016 to July 2017. Defendant utilized a time clock system that required employees to provide their fingerprint. Defendant required Plaintiff to scan his fingerprint. Glanbia did not inform Plaintiff in writing of the specific purpose and length of time for which Plaintiff's fingerprint was being collected, stored, and used.

Plaintiff brings a putative class action alleging violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 (count I) and negligence (count II). Defendant now moves to dismiss for lack of standing and for failure to state a claim.

### II.

A motion to dismiss pursuant to 735 ILCS 5/2-615 challenges the legal sufficiency of a complaint based upon defects apparent on its face. *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008). The critical inquiry is whether the well-pleaded facts of the complaint, taken as true and construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Loman v. Freeman*, 229 Ill. 2d 104, 109 (2008). The complaint need only set forth the ultimate facts to be proved—not the evidentiary facts tending to prove such ultimate facts. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369 (2004). In ruling on a section 2-615 motion, exhibits attached to the complaint are included as

part of the complaint and control over inconsistent factual allegations therein. *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1147 (1st Dist. 2001).

A motion to dismiss pursuant to 735 ILCS 5/2-619 admits the legal sufficiency of the complaint, but raises defects, defenses, or some other affirmative matter that defeats the plaintiff's claim. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (1st Dist. 2008). The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. *Piser v. State Farm Mutual Auto. Ins. Co.*, 405 Ill. App. 3d 341, 344 (1st Dist. 2010).

Illinois enacted the Biometric Information Privacy ACT ("BIPA") in 2008. 740 ILCS 14. BIPA is an informed consent statute that requires a private entity that collects, capture, purchases, or otherwise obtains a person's biometric information to first inform the subject in writing that biometric information is being collected or stored and the specific purposes and length of term for which the information is being collected, stored, and used. The entity must also obtain a written release from the subject consenting to collection of biometric information. 740 ILCS 14/15(b). The statute also provides a private right of action, including liquidated damages, for any person aggrieved by a violation of the Act against a private entity that negligently violates a provision. 740 ILCS 14/20(1).

A.

Defendant Glanbia Performance Nutrition, Inc. argues that Plaintiff Mitchell Fluker lacks standing. In *Rosenbach*, the Illinois Supreme Court held that when a private entity fails to adhere to the required procedures in BIPA, the affected individuals suffer a "real and significant" injury in that their right to maintain their biometric privacy is taken away. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 34. Additionally, in *Sekura*, the appellate court concluded that a violation of BIPA constituted harm even if the information was not disclosed to a third party. *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 77. If affected individuals had to wait until additional harm had occurred beyond a violation of the Act, it would be "too late, because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply 'no recourse' for prevention." *Id.* at ¶ 59. This would be "completely antithetical to the Act's preventative and deterrent purposes." *Rosenbach*, 2019 IL at ¶ 37.

Defendant relies on *Maglio*, but *Maglio* is readily distinguishable. *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782. *Maglio* involved statutory claims that required actual damages, and the court determined that the plaintiffs had not yet suffered actual damages and therefore lacked standing. *Id.* In contrast, BIPA provides damages for a violation of the Act alone. *See Duncan v. FedEx Office & Print Servs.*, 2019 IL App (1st) 180857 (noting that the claims in

*Maglio* involved statutes that did not provide a private cause of action for a mere statutory violation). Here, BIPA provides a private right of action and damages for the violation of the Act alone—Plaintiff need not allege a separate injury.

Defendant also argues that Plaintiff's claim is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305. The Act is the exclusive remedy for workplace injuries unless the employee can demonstrate that the alleged injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In *Schroeder*, the appellate court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30. However, the injury that Plaintiff allegedly suffered was the loss of the ability to maintain his privacy right. This is neither a psychological nor physical injury and is not compensable under the Act.

Additionally, in *Liu*, the appellate court stated that the Act applies "inside and outside the workplace." *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace. 740 ILCS 14/10.

B.

Defendant argues that Plaintiff's claim for liquidated damages under BIPA should be stricken because Plaintiff has not pleaded negligence nor actual damages. BIPA provides that "[a] prevailing party may recover for each violation . . . against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater." 740 ILCS 14/20(1). The complaint alleges that Defendant "failed to take note of the retail industry's trend recognizing the dangers in storing biometric identifiers and the passage of Illinois law governing the collection and use of biometric data." Compl. ¶ 21. Accepted as true and construed in a light most favorable to the Plaintiff, the complaint alleges a negligent violation of the Act.

Finally, Defendant argues that count II (negligence) should be dismissed because Plaintiff fails to plead a common law duty and does not allege proximate causation or actual damages. Plaintiff did not respond to Defendant's argument. No common law duty required Defendant to inform Plaintiff about the collection and storage of biometric data. Absent a duty, there is no negligence. *See Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 363 (1st Dist. 2010) (no common law duty to safeguard information).

III.

Therefore, it is hereby ORDERED:

(1)    Defendant Glanbia Performance Nutrition, Inc.'s motion to dismiss
       Plaintiff Mitchell Fluker's complaint pursuant to 735 ILCS 5/2-619.1 is
       GRANTED in part and DENIED in part. Count I stands. Count II
       (negligence) is dismissed with prejudice.

(2)    Defendant has until August 2, 2019, to answer.

(3)    The ruling date set for July 12, 2019, is stricken.

(4)    This case is set for a case management conference on August 7, 2019,
       at 10:00 a.m.


ENTERED,

Judge Raymond W. Mitchell

JUL 1 1 2019

Judge Raymond W. Mitchell, No. 1992
Circuit Court – 1992

4

EXHIBIT 3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| Damien Woodard, *individually and on behalf of Class,* | ) ) ) | No. 19 CH 05158 |
| Plaintiff(s), | ) ) | Calendar 13 |
| v. | ) ) | Judge Anna H. Demacopoulos |
| Dylan's Candybar LLC, | ) ) ) | |
| Defendant(s). | ) | |

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Dylan's Candybar LLC's (Dylan's) combined motion to dismiss. Having reviewed the motion, response, reply, the complaint, and all exhibits thereto, and given the opportunity for oral argument on November 18, 2019, and thereby being fully informed in the premises, for the following reasons, Defendant's motion is denied.

Plaintiff Woodard asserts that Dylan's violated Sections 15(a) and (b) of the Biometric Information Privacy Act (BIPA) by (i) failing to inform Woodard and the proposed class in writing that their biometric identifiers and biometric information were being obtained, collected, captured and/or stored; (ii) failing to inform Woodard and the proposed class in writing of the specific purpose and length of time for which their information was being kept; (iii) failing to obtain a written release before collecting and obtaining Woodard's and the proposed class' information; and (iv) failing to provide a publicly available policy and guidelines for destroying employees' fingerprint information. *See* 740 ILCS 14/15; Compl. ¶¶ 94-96. Woodard alleges he worked for Dylan's from 2016 through 2018.

Dylan's brings this motion to dismiss under 735 ILCS 5/619.1 arguing (1) that BIPA is preempted by the Illinois Workers' Compensation Act; (2) that Woodard's complaint was not

timely filed within the two-year limitations period set by statute for statutory penalties in 735 ILCS 5/13-202; and (3) that the complaint fails to plead facts showing negligent or reckless violation of BIPA (e.g., no allegations of proximate cause and damages, or of willful/wanton conduct).

STANDARD OF REVIEW

A combined motion to dismiss is expressly permitted by the rules of civil procedure so long as each portion of the motion "shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005." 735 ILCS 5/2-619.1 (Lexis 2016). Each part shall also clearly show the grounds relied upon under the Section on which it is based. *Id.* A combined 2-619.1 motion is reviewed under the *de novo* standard on appeal. *Mueller v. N. Suburban Clinic, Ltd.,* 299 Ill. App. 3d 568, 572 (Ill. App. 1st 1998).

A motion brought pursuant to 735 ILCS 5/2-615 of the Illinois Code of Civil Procedure challenges the legal sufficiency of the complaint. *Napleton v. Village of Hinsdale*, 229 Ill.2d 296, 305 (2008). Illinois is a fact-pleading jurisdiction. *Weiss v. Waterhouse Secs., Ins.*, 208 Ill.2d 439, 451 (2004). Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *Krueger v. Lewis,* 342 Ill. App. 3d 467, 470 (1st Dist. 2003). But conclusions of law or fact are not considered well-pleaded even if they generally inform the defendant of the nature of the claim. *Coghlan v. Beck,* 984 N.E.2D 132, ¶22 (Ill. App. 1st 2013). Rather, a movant must set forth a legally recognized claim and plead facts in support of each element of the claim. *Redelmann v. Claire Sprayway, Inc.*, 874 N.E.2d 230, 328-29 (Ill. App. 1st 2007). The issue on a 2-615 motion is whether the allegations, when viewed in a light most favorable to the movant, are sufficient to state a cause of action upon which relief can be granted. *Borowiec v. Gateway 2000, Inc.*, 219 Ill.2d 376, 382 (2004).

When bringing a motion pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure, the section 2-619 portion of the motion admits, *arguendo*, that a complaint asserts a legally sufficient claim but sets forth an affirmative matter, defect, or defense that defeats the claim or avoids its legal effect. *See Coghlan*, 984 N.E.2D at ¶22-23 (comparing 2-615 and 2-619 motions). A defendant may move for dismissal of a cause of action under Section 2-619(a)(5) if "That the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (Lexis 2016). The limitations period set by statute is an affirmative defense and the burden of proving it rests upon the party pleading it. *Stanley v. Chastek*, 34 Ill. App. 2d 220, (2d Dist. 1962).

A defendant may move for dismissal of a cause of action under Section 2-619(a)(9) if "the claim asserted against the Defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (Lexis 2016). The term "affirmative matter" as used in section 2-619(a)(9) has been defined as a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. *Bloomingdale State Banks v. Woodland Sales Co.*, 186 Ill. App. 3d 227, 233 (Ill. 2nd Dist. 1989).

The affirmative matter must be apparent on the face of the complaint or supported by affidavits or other evidentiary material. *Kedzie & 103rd Currency Exch. V. Hodge,* 619 N.E.2d 732, 735 (Ill. 1993). It is a defense other than a negation of the essential allegations of the plaintiff's cause of action; something more than evidence offered to refute a well-pleaded fact in the complaint. *Zahl v. Krupa,* 365 Ill. App. 3d 653, 659 (2006). Initially, a defendant bears the burden of proof, and if the motion is based on facts not apparent from the face of the complaint, then the defendant must support its motion by affidavits or other evidence. *City of Springfield v. West Koke Mill Development Corp.,* 312 Ill. App. 3d 900, 908 (2000). If defendant meets this

initial burden, the burden then shifts to the plaintiff, who must establish the affirmative defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *Esptein v. Chicago Bd. of Educ.*, 178 Ill. 2d 370, 383 (1997). Section 2-619 is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based 'mini-trial' on whether plaintiff can support his allegations." *Reynolds,* 2013 IL App (4th) 120139, ¶42.

## DISCUSSION

### 615: Negligence

The Court will address the 2-615 argument first. Dylan's claims that Woodard has failed to adequately plead that Dylan's caused him any tangible damage, let alone that it negligently or recklessly violated the BIPA. Dylan's claims that the Illinois Supreme Court opinion in *Rosenbach v. Six Flags Entertainment Corporation* is irrelevant in this instance because, as Dylan's phrases it, there is no basis to conclude that the Illinois Supreme Court, without saying so, intended the well-known words used to describe levels of culpability and statutory damages available to plaintiffs under the BIPA, *i.e.*, "negligently," "intentionally," and "recklessly," to be deemed meaningless. *See* 2019 IL 123186; 740 ILCS 14/20 (Lexis 2016). Dylan's claims BIPA provides two levels of liquidated damages: $1,000 when an entity "negligently violates a provision of" the BIPA, and $5,000 when an entity "intentionally or recklessly violates a provision of" the BIPA. 740 ILCS 14/20. Dylan's states that Woodard alleges only that Dylan's violated the BIPA but fails to specify whether it did so "negligently" or "recklessly," rendering his complain inadequate. Dylan's states that Woodard ignores the most significant evidence of relevant legislative intent – that the General Assembly chose not to require negligence or any level of culpability or harm for injunctive relief.

Woodard claims that Dylan's confuses a standard for measuring culpability (and damages) with a substantive pleading requirement. *Cf. Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 851 (1st Dist. 2009) (plaintiff generally "not required to plead a legal theory for calculating damages in the complaint"); 735 ILCS 5/2-616(c) ("A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs.") Woodard claims that BIPA sets forth substantive requirements that, if violated, give the subjects of biometric collection a private right of action without the need for additional proof. *Rosenbach*, 2019 IL 123186, ¶ 36. Woodard claims the legislature often uses such terms in statutes having nothing to do with specific torts like negligence. *See, e.g.*, 510 ILCS 68/5-40 ("It shall be unlawful to ... negligently release any non-indigenous herptile species into this State."). And that the terms negligent/reckless were placed in BIPA's "private right of action" section as a measure of liquidated damages – measurements demonstrable at any point before or at trial. 740 ILCS 14/20. Thus, Woodard claims, they are not a necessary aspect of Plaintiff's pleadings, but the measure of damages to be awarded to a "prevailing party" who proves that a BIPA violation occurred. *Id.* Woodard claims that Dylan's interpretation would require adding the term "negligently" (or "recklessly") into BIPA's substantive prohibitions and requirements, rather than its damages section – a forbidden tool of statutory interpretation. *Cty. of Knox ex rel. Masterson v. Highlands*, L.L.C., 188 Ill. 2d 546, 556 (1999)

In *Rosenbach,* the Illinois Supreme Court explicitly held that "when a private entity fails to comply with one of [BIPA's] requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Rosenbach v. Six Flag Entm't Corp.,* 2019 IL 123186 *33. Thus, the Court held "such a person or customer would clearly be "aggrieved" within the meaning

of section 20 of the [BIPA] and entitled to seek recovery under that provision. No additional consequences need be pleaded or proved. The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action." *Id.*

> Section 20 of BIPA states as follows, in full:
>
> > 740 ILCS 14/20 Right of action
> >
> > Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party. A prevailing party may recover for each violation:
> >
> > > (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
> > >
> > > (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
> > >
> > > (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
> > >
> > > (4) other relief, including an injunction, as the State or federal court may deem appropriate.

The Illinois Supreme Court then stated, "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and *be entitled to seek liquidated damages* and injunctive relief pursuant to the Act." *Rosenbach,* 2019 IL 123186 *40 (emphasis supplied). The Illinois Supreme Court explicitly held that no allegations beyond a violation of BIPA are necessary to entitle an individual to seek liquidated damages. *Id.*

Dylan's arguments, while well-reasoned, are simply wrong given the explicit holding of the Illinois Supreme Court in *Rosenbach.* It necessarily follows that Plaintiff's interpretation of

the statute is correct – the use of the terms "negligent," "intentional," and "reckless," are standards of culpability for determining damages. The Illinois Supreme Court had made it clear that a plaintiff need not plead facts or elements showing negligence, or reckless or intentional acts in violation of BIPA to be entitled to seek the liquidated damages articulated in Sections 20(1) and 20(2). *Rosenbach,* 2019 IL 123186 *40; 740 ILCS 14/20 (Lexis 2016). Plaintiff has clearly plead that Dylan's Candybar violated BIPA, this alone is sufficient to state a claim for liquidated damages. The Complaint is adequately pled.

### 619(a)(9): IWCA Preemption

Dylan's next argues that BIPA is preempted by the Illinois Workers' Compensation Act (IWCA). Dylan's claims that Woodard alleges a statutory right to recover for a workplace injury caused by his employer. Because Woodard's allegations qualify as compensable harm, his exclusive remedy is through the IWCA. 820 ILCS 305/5(a); 820 ILCS 305/11 (Lexis 2016). With respect, Dylan's claims that the various Illinois trial courts cite no controlling authority that compels the finding that harm under BIPA is not psychological. Nor do the Illinois Trial Courts, Dylan's claims, demonstrate why, for purposes of the IWCA specifically, a privacy injury must be deemed *categorically* different from a psychological injury which, prior to *Pathfinder*, many would have argued was not compensable. Dylan's says that in *Pathfinder*, the Supreme Court explicitly held that psychological harm, even absent physical injury, **is** compensable under the IWCA. *See Pathfinder Co. v. Indus. Comm'n*, 62 Ill. 2d 556, 563 (1976) (emphasis supplied).

Woodard claims that privacy injuries are distinct from psychological injuries and are not covered by the IWCA. Woodard points out that the legislature did not intend for the IWCA to preempt BIPA, as BIPA explicitly defines its pre-collection "written release" to include "a release executed by an employee as a *condition of employment*." 740 ILCS 14/10 (emphasis supplied).

And also points out the legislature chose to treat employee and non-employee claims largely the same. *See Rosenbach v. Six Flag Entm't Corp.,* 2019 IL 123186 *33 (finding that "such a person *or customer*" is aggrieved by a violation of BIPA without a need to plead damages).

The IWCA is the exclusive remedy for workplace injuries unless an employee can demonstrate their injury (1) was not accidental; (2) did not arise from employment; (3) was not received during the course of employment; or (4) is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 463 (1990). Psychological injuries caused by physical trauma or injury can be compensable under the IWCA. *Schroeder v. RGIS, Inc.,* 2013 IL App (1st) 122483, ¶30. The Illinois Supreme Court has also held that "whether an injury is compensable is related to whether the type of injury categorically fits within the purview of the [IWCA.]" *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶23. The IWCA's purpose is "to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do." *Mytnik v. Ill. Workers' Compensation Comm'n,* 2016 IL App (1st) 12116WC, ¶36.

Dylan's argument is not persuasive because (1) Woodard's alleged injury, a violation of his privacy through the mismanagement of his biometric data, is not a type of injury that fits within the purview of the IWCA; and (2) a breach of a person's privacy is a type of injury distinct from physical and psychological injuries – and thus not compensable under the IWCA. *See* 820 ILCS 305/5(a) (preempting claims "for injury or death sustained by any employee while engaged in the line of his duty.") As to why the right of privacy is separate from a psychological injury, this court adopts the reasoning articulated in *Mims v. Freedman Seating Company,* No. 18-CH-09806 (Cir. Ct. Cook Cty, August 22, 2019) attached as exhibit D to Woodard's response brief. In short, while psychological injuries may stem from a breach of privacy, the breach itself is its own separate harm and injury. *Id.* Other injuries that may stem from a breach of privacy are loss of goodwill or a stained

reputation, thus psychological injury and injury resulting from a breach of privacy are not one and the same.

Here, the injury is the failure to request a written consent from the employee and failure to maintain the data pursuant to the standards articulated under BIPA. It is a statutory violation and a violation of Woodard's privacy. The injury is not the mere collection of the data; it includes how that data was handled by Woodard's employer after its collection. Moreover, the Court finds it important to clarify that the collection of the biometric data was a *condition* of employment. A condition of employment can never be an injury within the line of duty of employment because it precedes the actual term of employment. *See* BIPA 740 ILCS 14/10 Definitions, "Written Release" (specifying the release is a condition of employment). BIPA is not preempted by the IWCA.

Dylan's may disagree with how this Court and other Illinois Trial Courts have decided this issue of first impression, but that is not a persuasive reason for the Court to change its reasoning or ruling. Defendant complains that the trial courts have not demonstrated why, for purposes of the IWCA specifically, a privacy injury *must* be deemed categorically different from a psychological injury. But it is not the burden of the Court to articulate every possible reason for a given ruling. Moreover, this Court disagrees with Dylan's characterization of the trial courts' orders as there have been many memorandum opinions on this issue explaining the various trial courts' reasoning why privacy injuries are separate and distinct from psychological injuries. Lastly, this Court notes that preemption is expressly disfavored in Illinois. *See Bishop v. Burgard,* 198 Ill. 2d 495, 501 (Ill. 2002) ("Preemption is disfavored."). The allegations of the Complaint are not barred by affirmative matter avoiding the legal effect of or defeating the claim, *e.g.,* BIPA is not preempted by the IL Worker's Compensation Act.

**619(a)(5): Limitations Period**

      Lastly, Dylan's argues that Woodard's claim is untimely filed and must be dismissed under 2-619(a)(5). Dylan's claims that under Woodard's theory, BIPA imposes a statutory penalty for violations of the Act, and that Woodard's claim is thus subject to a two-year statute of limitations pursuant to 735 ILCS 15/13-202. Dylan's argues that Woodard's claim accrued at the outset of his employment in 2016.

      Dylan's correctly states that BIPA does not include a limitations period. Accordingly, Dylan's claims this Court must apply the most appropriate statute of limitations based on the type of injury allegedly sustained. *See Schreiber v. E. Airlines, Inc.*, 38 Ill. App. 3d 556, 558 (1st Dist. 1976). Dylan's claims BIPA is a penal statute subject to Illinois Code of Civil Procedures Section 5/13-202 because, Dylan's claims, it poses an automatic liability with a predetermined amount of damages without the need to show *actual* damage.

      Woodard argues that his claims are subject to the default five-year limitations period of 735 ILCS 5/13-205 because BIPA is actually a remedial statute, not a penal statute. Section 5/13-205 imposes a five-year limitations period for "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (Lexis 2016).

      Section 735 ILCS 5/13-202 of the Illinois Code of Civil Procedure imposes a two-year limitations period for actions to recover a statutory penalty. A statutory penalty is one that "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the

plaintiff." *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 13 (2009). Penal statutes "subject[] one person to the payment of a sum of money to another without reference to any actual injury and without requiring him to allege or prove an actual injury." *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 12-13 (2009).

A remedial statute "imposes liability only when actual damage results from a violation" and where "liability is contingent upon damage being proven by the plaintiff." *Landis*, 235 Ill. 2d at 13 quoting *McDonalds v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982). The Illinois Supreme Court has held that when a statute is "designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils," it is remedial, not penal. *Scott v. Ass'n for Childbirth at Home, Int'l*, 88 Ill. 2d 279, 288 (1981).

The stated intent of BIPA is that "The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." BIPA, 740 ILCS 14/5(g) (Lexis 2016). Section 20 of BIPA allows a prevailing party to recover, among other things, (1) liquidated damages of $1,000 or $5,000; or (2) *actual damages*; and (3) injunctive relief. BIPA, 740 ILCS 14/20 (Lexis 2016).

"One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole. Words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute." *Raintree Homes, Inc. v. Village of Long Grove,* 209 Ill. 2d 248, 255-56 (Ill. 2004). A court must construe a statute "so that each word, clause or sentence is given reasonable meaning and not deemed superfluous." *Id.* at 256. Section 20 of BIPA, given the holding in *Rosenbach,* is unambiguous that, although actual injury and damages are not required to state a claim, a plaintiff also is not limited to liquidated damages. It is

the choice of the plaintiff what kind, and amount, of damages to seek. In the event of a BIPA violation, the plaint text of the statute makes it clear that the imposition of liquidated damages is not automatic. BIPA, 740 ILCS 14/20 (Lexis 2016); *see Rosenbach v. Six Flag Entm't Corp.,* 2019 IL 123186.

Remedial statutory remedies are also not limited solely to actual damages, remedial statutes may provide pre-calculated statutory damages, whether they are viewed "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both." *Standard Mut. Ins. Co. v. Lay*, 2013 IL 114617, ¶ 32.

In *Standard Mutual Insurance Co. v. Lay,* the Illinois Supreme Court held that the Telephone Consumer Protection Act (TCPA) is a remedial statute. 2013 IL 114617 *30. The Illinois Supreme Court stated that the "TCPA is clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." *Id.* at *31. Even though the TCPA included a $500 liquidated damages provision, the Illinois Supreme Court clarified that the liquidated damages were at least in part an incentive for private entities to enforce the statute, adding that it is necessary for this incentive because actual losses under the TCPA are small. *Id.* at *32. Because the $500 liquidate damages provision served more than a purely punitive or deterrent goal, the TCPA was found to be a remedial statute. *Id.* Moreover, the Court explained that the TCPA's heightened liquidated damages provision, for willful or knowing violations, still did not make the TCPA a penal statute, as the heightened damages were again part of a regulatory scheme and a supplemental aid to enforcement. *Id.* at *33.

Similarly, just because the Illinois Consumer Fraud Act contained a civil penalty of up to $50,000, that did not render the statute penal as its primary purpose is to is to protect Illinois consumers, borrowers, and businessmen. The Illinois Supreme Court found it to be regulatory in nature. *Scott v. Assoc. for Childbirth*, 88 Ill. 2d 279, 288-89 (Ill. 1981). And where a statute's remedies offered (a) injunction; (b) actual damages; and (c) punitive damages, it was held to be remedial and not penal. *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982) (eavesdropping act). The Court in *McDonald's v. Levine,* clarified that the remedies offered were a codification of traditional common law remedies for victims of a tort, and that the injunctive relief was designed to prevent further violation. *Id.* at 738-39.

BIPA is remedial statute enacting a regulatory scheme as to biometric information in order to protect an individual's privacy. BIPA creates a statutory cause of action, but not a statutory penalty. *See McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982). Section 20 of BIPA is the act's only enforcement mechanism and is "integral to implementation of the legislature's objectives." *Rosenbach,* 2019 IL 123186, ¶ 37. Just because liquidated damages are an option for the plaintiff does not render the statute penal in nature. Like the TCPA, the liquidated damages provisions in BIPA are also, in part, an incentive for private entities to enforce the statute, they serve more than a deterrent goal. And like the Consumer Fraud Act, BIPA is explicitly part of a regulatory scheme to protect the citizens of Illinois. BIPA's relief, which includes options for injunction, actual damages, and punitive damages, are codifications of traditional common law tort-remedies that do not render the statute penal. BIPA is subject to the five-year limitations period set forth in Section 5/13-205 of the Illinois Code of Civil Procedure. 735 ILCS 5/13-205 (Lexis 2016).

Dylan's also notes that Section 13-202 also provides for a two-year statute of limitations for personal injury claims. Dylan's claims that if Woodard's claim is not a statutory penalty, it should be categorized as personal injury claim. Dylan's claims that the fact Woodard does not allege physical injuries is of no import, citing to cases for emotional distress. *See, e.g., Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 744 (1st Dist. 2001). This argument is under developed, but regardless, this Court has already ruled that psychological injuries, such as emotional distress, and privacy injuries are distinct harms. Moreover, BIPA is a remedial, regulatory statute subject to a five-year limitations period.

Dylan's argues that Woodard's claim accrued at the outset of his employment in 2016. BIPA was enacted in 2008. It is a basic tenet in our legal system that all persons are presumed to know the law. *See Livingston v. Meyers*, 6 Ill. 2d 325, 334 (1955). Thus, Dylan's argues that Woodard is presumed to have been aware of BIPA in 2016, and the cause of action accrued in that year. Given the Court's holding that BIPA has five-year limitations, even accepting Dylan's position, it is unquestionable that the complaint was timely filed in 2019. Regardless, the Court wishes to make clear when the cause of action accrued.

Dylan's on-going collection of Plaintiff's biometric data is a "continuing injury," one that cannot cease until a defendant stops violating BIPA. Where a tort involves continuous or repeated injurious behavior, by the same actor, and of a similar nature, the limitations period is held in abeyance and the plaintiff's cause of action does not accrue until the date the final injury occurs or the tortious acts cease. *Accord Taylor v. Bd. of Educ. of City of Chicago*, 2014 IL App (1st) 123744, ¶ 46. Thus, the limitations period did not begin to run until the date of the last BIPA violation. *See Hyon Waste Mgmt. Servs., Inc. v. City of Chicago*, 240 Ill. App. 3d 757, 762-63 (1st Dist. 1991) (citation omitted). A continuing violation happens through continuing unlawful acts

and conduct, not through continual ill effects from an initial violation. And where this is only one overt act from which subsequent damages may flow, a statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, despite the continuing nature of the injury. *Hyon Waste Mgmt. Servs,* 240 Ill. App. 3d at 763.

Here the cause of action accrued on Woodard's last day of employment, and is considered a continuous injury because (1) Dylan's was still not compliant with BIPA at that time; and (2) Woodard scanned his biometric information while he was employed by Defendant at that time. As Dylan's was not BIPA compliant, and drawing all inferences in Woodard's favor as this Court must in ruling on any motion to dismiss, this Court cannot presume that Woodard's information was only logged and mismanaged at the initial biometric scan. In this case, the cause of action fully accrued on Woodard's last day of work with Dylan's. The allegations of the Complaint are not barred because this action was commenced within the time limited by law, *e.g.,* the five-year limitations period set forth in 735 ILCS 5/13-205 applies to BIPA.

IT IS HEREBY ORDERED:

Defendant's motion to dismiss is denied.

ENTERED:

Judge Anna Helen Demacopoulos
NOV 20 2019
Circuit Court - 2002

_____
Judge Anna H. Demacopoulos, 2002

EXHIBIT 4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

CHARLENE FIGUEROA, individually, )
and on behalf of all others similarly )
situated, )
                                  )
              Plaintiff,        )    Case No. 18 CH 15728
                                    )    Hon. Caroline K Moreland
    v.                               )    Judge Presiding
                                    )    Cal. 10
Tony's Finer Foods Enterprises, Inc., )
Tony's Finer Foods No. 6, Inc., and )
Tony's Finer Foods No. 9 Inc., d/b/a )
Tony's Fresh Market, a/k/a Super )
Tony's Finer Foods, )
                                    )
             Defendants.     )

## MEMORANDUM OPINION AND ORDER

      Defendants, Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc., and Tony's Finer Foods No. 9 Inc., (collectively, "Defendants") bring this motion to dismiss Plaintiff Charlene Figueroa's amended complaint (the "complaint"), pursuant to Section 2-619.

## I.    Background

      According to the allegations in the complaint Plaintiff began working for the Defendants on March 8, 2017. As a condition for her employment Defendants required Plaintiff to use a fingerprint scanner to clock in and out of work, as well as track her break time. Plaintiff's fingerprint is considered a biometric identifier and the fingerprint scan is biometric information under the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 *et seq.* Plaintiff alleges she never: 1) signed a written release allowing the Defendants to collect, store, use, or disseminate her biometric information; 2) was informed of the length of time Defendants would store her biometric information; 3) or was informed of Defendants' biometric information retention policy.

      Plaintiff filed a three count, putative class action, complaint alleging that Defendants violated BIPA sections 15(a), (b), and (d). BIPA grants an individual a private right of action for each violation of the Act. 740 ILCS 14/20. Count I of the complaint alleges that the Defendants violated BIPA section 15 (a) by failing to make publicly available their biometric information retention and destruction policy. Count II of the complaint alleges that the Defendants violated BIPA

section 15 (b) by failing to get Plaintiff's written consent before collecting her biometric information. Count III alleges that the Defendants violated BIPA section 15 (d) by disseminating Plaintiff's biometric information without her written consent.

## II.    Motion to Dismiss

Defendants have filed a motion pursuant to section 2-619.1 of the Illinois Code of Civil Procedure. A section 2-619 motion to dismiss "admits the legal sufficiency of the complaint and affirms all well-pled facts and their reasonable inferences, but raises defects or other matters either internal or external from the complaint that would defeat the cause of action." *Cohen v. Compact Powers Sys., LLC*, 382 Ill. App. 3d 104, 107 (1st Dist. 2008). A dismissal under section 2-619 permits "the disposal of issues of law or easily proved facts early in the litigation process." *Id.* Section 2-619(a) authorizes dismissal where the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9).

"A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint." *Yoon Ja Kim v. Jh Song*, 2016 IL App (1st) 150614-B ¶ 41. Motions brought under Section 2-615 do not raise affirmative factual defenses. Id. Rather, "[a]ll well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274 ¶ 29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations of the complaint in the light most favorable to the plaintiff. Unless it is clearly apparent that the plaintiff could prove no set of facts that would entitle him to relief, a complaint should not be dismissed." *Id.*

### A. Workers Compensation Act

Defendants first argue that all of Plaintiff's claims should be barred pursuant to 735 ILCS 5/2-619 (a) (9) because they are preempted by the Workers Compensation Act. The exclusive remedy for injuries related to an employees work environment is under the Workers Compensation Act. *See* 820 ILCS 305/5 (a). Under the Workers Compensation Act "no common law or statutory right to recover damages from the employer, . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." *Id.* In order for Plaintiff's claims to move forward she

must show: "(1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the [Workers' Compensation] Act." *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30 (quoting *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). Plaintiff argues that a BIPA violation is not a compensable injury under the Workers Compensation act.

Under the Workers Compensation Act both physical and mental injuries are compensable. *Schroeder*, 2013 IL App (1st) 122483, ¶ 30. However, courts have excluded "economic" damages from the purview of the Workers Compensation Act. *See Murff v. Ill. Workers Comp. Com.*, 2017 IL App (1st) 160005WC, ¶ 21. The Illinois Supreme Court has described the injury arising from a BIPA violation as a violation of an individual's statutory "right to privacy in and control over their biometric identifiers." *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186, ¶ 33. This injury is neither inherently a physical or emotional injury and can occur without either physical or emotional damages. *Id.* Illinois courts have expressly addressed the applicability of BIPA to the workplace and found that it applies. *See Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. Finally, the text of BIPA itself supports the idea that it is not barred under the exclusive remedies provision of the Workers Compensation Act. *See* 740 ILCS 14/10 (defining a "written release" "in the context of employment, a release executed by an employee as a condition of employment."). For these reasons the Court finds that violations of BIPA are not compensable under Workers Compensation Act and are therefore not barred.

### B. Statute of Limitations

Defendants next argue that this matter should be dismissed pursuant to 735 ILCS 5/2-619 (a) (5) because actions under BIPA are subject to the one-year statute of limitations under 735 ILCS 5/13-201 for actions for slander, libel, or for publication of matter violating the right of privacy; or the two-year statute of limitations under 735 ILCS 5/13-202 for statutory penalties.

### i. One Year Statute of Limitations

Section 201 provides "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201. Illinois courts have held that the key element in determining if the one-year statute of limitation applies is if publication of a private fact is an element of the tort. *Benitez v. KFC National*

*Management Co.*, 305 Ill. App. 3d 1027, 1034-35 (2nd Dist. 1999) (holding, that the one-year statute of limitations does not apply to intrusion on seclusion claims because publication of a private fact is not an element of the claim.). Mere communication of a private fact from one individual to another is not automatically a publication for the purposes of the privacy torts. *Cordts v. Chicago Tribune Co.*, 369 Ill. App. 3d 601, 607-08 (1st Dist. 2006). The publication must be made to the public at large or to a subset of individuals to whom the private information would prove particularly embarrassing. *Id.*

As previously stated, an injury arising from a BIPA violation is a violation of an individual's statutory "right to privacy in and control over their biometric identifiers." *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186, ¶ 33. Since a plaintiff's privacy rights are inherently implicated in a BIPA claim the Court must look to see if publication of an individual's private information is a necessary part of a BIPA claim. Plaintiff has alleged three distinct violations of BIPA.

Count I of Plaintiff's complaint, alleges that the Defendants violated BIPA section 15(a) which requires Defendants to have written policies, available to the public, establishing retention schedules and guidelines for the destruction of biometric information. Count II of Plaintiff's complaint alleges Defendants violated BIPA section 15(b) by collecting and capturing Plaintiff's biometric information without first informing her that her information was being stored; informing her the purpose and length of time her information is being stored; or receiving a written release to utilize the biometric information from Plaintiff.

Looking at the requirements of BIPA section 15 (a) & (b) the Court does not see the publication, transmittal or dissemination of biometric information as being part and parcel of a violation of these sections of BIPA. Therefore, the Court concludes that the one-year statute of limitation does not apply to Counts I or II of Plaintiff's complaint.

Count III of Plaintiff's complaint alleges that Defendants violated BIPA section 15(d) by "systematically and automatically" disclosing her information without having previously obtained her written consent. *See* Compl. ¶ 103. Section 15 (d) prohibits the disclosure of personal information unless a party provides a written consent for the disclosure to be made.[1] However, the Court finds that a "disclosure" prohibited by BIPA section 15 (d) would not be considered a publication under existing privacy law.

---

[1] BIPA also makes exceptions for financial transactions, requirements under other laws, and pursuant to a validly issued warrant or subpoena.

4

Under existing law, a disclosure to the public at large is made through "publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience." *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 980 (1st Dist. 1990) (citing Restatement 2d of Torts, § 652D). A disclosure to a sub-group of individuals with a "special relationship" with an individual may also constitute a publication for the purposes of privacy law. *Miller*, 202 Ill. App. 3d at 980

Based on the broad prohibition against distribution of biometric information contained in BIPA section 15 (d) the Court does not find that a necessary element of a statutory violation includes a "publication." BIPA section 15(d) can be violated with a single disclosure to a third-party vendor of time keeping equipment. This type of disclosure or dissemination is different in kind than that of other publications to other interested sub-groups. *C.f.*, *Miller*, 202 Ill. App. 3d at 980 (disclosure of sensitive medical information to fellow employees); *Johnson v. K mart Corp.*, 311 Ill. App. 3d 573, 579-80 (1st Dist. 2000) (disclosure to employer by a private investigator of information related to its employees "family matters, health problems, and sex lives"); *Cordts*, 369 Ill. App. 3d at 607-08 (club members, church members, family, and neighbors). Since a disclosure made in violation of BIPA section 15 (d) is not necessarily a publication insofar as it is understood in other privacy related torts the Court finds that the one-year statute of limitations is inapplicable.

### ii. Two-Year Statute of Limitations

Alternatively, Defendants argue that the two-year statute of limitations applies under 735 ILCS 5/13-202 because BIPA's statutory damages are penal in nature. "A statutory provision provides for a 'statutory penalty,' . . . if it imposes automatic liability for a violation of its terms and the amount of the liability is predetermined by the act and imposed without actual damages suffered by the plaintiff." In re Marriage of Stockton, 401 Ill. App. 3d 1064, 1075 (2nd Dist. 2010). Under Illinois law, BIPA is a remedial statute and not a penal statute because it allows for a plaintiff to recover its actual damages and encourages private enforcement of its prohibitions. *See Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶¶ 31-33 (holding that the Telephone Consumer Protection Act was remedial and not penal in nature.).

Much like BIPA the Telephone Consumer Protection Act provided for a private right of action "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47

U.S.C. § 227(b)(3). In *Standard Mutual*, the Illinois Supreme Court found that the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, was remedial and not punitive in nature. The Illinois Supreme Court based its reasoning on the fact that the act allowed a plaintiff to collect actual damages. *Standard Mutual*, 2013 IL 114617, ¶¶ 31-33. The statutory liquidated damages acted as an incentive to enforce the terms of the act. *Id.* Because BIPA is remedial and not penal in nature the two-year statute of limitations for statutory penalties does not apply. *Id.*

### C. Failure to Plead Negligent, Reckless, or Intentional Conduct

Next Defendants argue that Plaintiff's complaint should be dismissed pursuant to section 2-615 because Plaintiff has failed to plead any negligence, reckless, or intentional conduct on behalf of the Defendants. Defendants base this argument on the fact that BIPA section 20 provides for $1,000 in liquidated damages for a negligent violation of its requirements; or $5,000 in liquidated damages for a reckless or intentional violation of its requirements.

BIPA section 15 (a)-(e) mandates various requirements relating to the collection, retention, storage and transmittal of biometric information. 740 ILCS 14/15. These BIPA imposed requirements are duties that the Defendants owe to the Plaintiff. *See Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 58-59 (2nd Dist. 1999). The damages for a violation of BIPA section 15 (a)-(e) is provided by BIPA section 20 (1) provides: "Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court . . . against an offending party. A prevailing party may recover for each violation . . . against a private entity that negligently violates a provision of this Act, liquidated damages of $ 1,000 or actual damages, whichever is greater." 740 ILCS 14/20. BIPA section 20 (2) provides a greater penalty for intentional or reckless conduct. *Id*;

There is no requirement that a plaintiff pursing a claim under BIPA plead any facts showing negligent, reckless, or intentional conduct on behalf of the defendant. A mere violation of BIPA's requirements, aggrieves a plaintiff and provides a plaintiff with a right of action. *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186, ¶ 33. The measure of damages is subject to a Plaintiff meeting their burden of proof to show reckless or intentional conduct as opposed to a mere technical violation of the act. *See Id.*

6

### D. Plaintiff Has Properly Plead Violations of BIPA Section 15 (a)

BIPA section 15(a) requires that the Defendants develop a written policy available to the public that establishes a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or, at the latest, within 3 years of the individual's last interaction with the Defendants. Plaintiff's complaint sufficiently alleges facts supporting a claim that Defendants violated this section. Plaintiff has plead that the Defendants collected her biometric information. *Compl.* ¶¶ 49-52. Plaintiff plead that Defendants never created a written policy and retention schedule for the permanent deletion of her biometric information. *Compl.* ¶¶ 13, 41, 43, 45, 54, 80, 81. On a Section 2-615 motion the Court must accept these facts as true. *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274 ¶ 29.

### E. Plaintiff Has Properly Plead Violations of BIPA Section 15 (d)

BIPA section 15 (d) forbids the Defendants from disclosing or otherwise disseminating Plaintiff's biometric information unless she has consented to the disclosure or dissemination of her biometric information. Plaintiff has plead that she was required to use software and hardware supplied by a third party that required her to use her biometric information to clock in and out of work. *Compl.* ¶ 38. Plaintiff plead that this biometric information was automatically disclosed to the third party. *Compl.* ¶ 104. Finally, Plaintiff pleads that she did not consent to this disclosure. *Compl.* ¶ 55. Again, the Court must accept these facts as true. *Kagan*, 2016 IL App (1st) 131274 ¶ 29. Plaintiff's complaint sufficiently alleges facts supporting a claim that Defendants violated this section.

Lastly, the use of Plaintiff's biometric information for the purposes of timekeeping by the Defendants does not constitute a financial transaction as contemplated by BIPA section 15 (d)(2). Defendants' interpretation of this exception is not supported by the plain reading of the statute. Therefore, the Court also rejects this argument.

## III.   Conclusion

1. Defendants motion is denied;

2. Defendants have 28 days to answer Plaintiff's amended complaint;

3. The ruling date of December 11, 2019 shall stand.

Judge Caroline Kate Moreland

DEC 1 0 2019

Circuit Court 2033

Entered: _____

Judge Caroline Kate Moreland

8

# EXHIBIT 5

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

FATIMA CARRASCO,  et al,                    )
                                            )
            Plaintiff,                      )
vs.                                         )            19 L 279
                                            )
                                            )            *Thomas M. Hartwell*
FREUDENBERG HOUSEHOLD                       )            Clerk of the Circuit Court
PRODUCTS, LP,                               )            Kane County, IL
            Defendant.                      )
                                                         NOV 1 5 2019
                        **ORDER**
                                                         FILED  **055**
                                                         ENTERED

          THIS CAUSE coming on for ruling on Defendant's MOTION TO
DISMISS pursuant to 735 ILCS 5/2-619, the Court having reviewed and
considered the pleadings of Plaintiff,  Defendants' Motion, Plaintiff's
Response, Defendant's Reply, along with the relevant case law and
Plaintiff's supplemental authority and the arguments of counsel heard on
October 30, 2019 and being fully advised in the premises,

          FINDS:

  1. Defendant's Motion is filed pursuant to 735 ILCS 5/2- 619.  A
     Section 619 motion admits the legal sufficiency of the complaint
     while asserting an affirmative defense or other matter which
     negates the cause of action completely or refutes crucial
     conclusions of law or material fact in the complaint barring
     plaintiff's claim for recovery.  *Mantanky Realty Group, Inc. v.
     Katris*, 367 Ill.App.3d 839, 841 (1st Dist. 2006).  Plaintiff's
     Complaint alleges that Defendant violated the Illinois Biometric
     Information Privacy Act, 740 ILCS 14/1, *et seq.* (hereinafter
     BIPA) by requiring Plaintiff to use her fingerprint to clock in and
     out of work, without first complying with the Act's consent and
     disclosure requirements.  Defendant contends the complaint should
     be dismissed due to two flaws.  First it alleges the claim is subject
     to the one year statute of limitations for violations to rights of

1

privacy contained in 735 ILCS 5/13-201. Secondly, it alleges the cause is preempted by the Illinois Workers Compensation Act.

2. As to the statute of limitations argument, BIPA is silent as to the limitations period. By statute the five year limitation period would apply. 735 ILCS 5/13-205. Movant argues that because this matter involves privacy rights the one-year statute of limitations set forth in 735 ILCS 5/13-201 applies thereby barring Plaintiff's claim. However, Section 201 relates specifically to "*publication* of matter violating the right of privacy". (emphasis added). While a claim under BIPA can involve a claim of dissemination of biometric information, it does not have to make such a claim. In the present case, there is no claim of dissemination, only a violation of the notice provisions of the law. Accordingly, whether "dissemination" under BIPA is the equivalent of publication under 5/13-201, it is irrelevant to this pleading and not a determination this court must make. What is clear is that an alleged violation of the notice and disclosure provisions are not "publication". The inapplicability of the shortened one-year statute of limitations for publication of matter involving privacy rights is further amplified by the reason behind the one-year limitation. This is clearly due to the overt nature of publication itself. In the case of a BIPA violation, including those involving dissemination, it is extremely unlikely the injured party will even know of the violation or dissemination in a timely manner because, by its very nature, it is clandestine.

3. Movant's second argument involves a contention that Plaintiff's claim is preempted by the Illinois Workers Compensation Act. Certainly physical, mental and emotional injuries incurred in the course of and arising out of employment are preempted by the Act. However, the relief sought in this complaint pursuant to BIPA is not based on any specific physical, mental, or emotional injury nor damage; nor does BIPA require proof thereof. The statute merely requires proof of a failure to comply and allows for liquidated damages or proof of actual damages. Since this action only seeks the liquidated damages, which are clearly in the form of a penalty, and actual damages are not required, there is no preemption by the IWCA.

WHEREFORE, IT IS HEREBY ORDERED:

2

1. Defendant's Motion to Dismiss is denied.
2. Defendant is granted 30 days within which to answer the complaint.
3. This cause is set for case management on January 9, 2020 at 9am.
4. Due to the novelty of the statute and issue involved the court is receptive to a motion pursuant to Supreme Court Rule 308;
5. This order supersedes and replaces the order entered on October 30, 2019.

Enter:  November 15, 2019

Judge

EXHIBIT 6

IN THE CIRCUIT COURT OF THE TWENTY-FIRST JUDICIAL CIRCUIT
KANKAKEE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SCOTT MARION<br>individually and on<br>behalf of all others<br>similarly situated,<br>Plaintiff | )<br>)<br>)<br>)<br>) | |
| | )<br>) | Case No: 19 L 89 |
| vs. | )<br>)<br>) | |
| RING CONTAINER<br>TECHNOLOGIES, LLC,<br>a Tennessee limited<br>liability company<br>Defendant | )<br>)<br>)<br>) | **FILED**<br>JAN 2 4 2020<br>Sandra M Clear<br>CIRCUIT COURT CLERK |

## MEMORANDUM OF DECISION RE: 2-619 MOTION

Ring Container, the Defendant, has filed a 2-619 Motion asking this court to dismiss the Plaintiff's complaint asserting violation of the Illinois Biometric Information Privacy Act 17 ILCS 14/1 *et.seq* stating several bases. However, at oral argument, counsel argued only two bases for dismissal: preemption by the Illinois Workers' Compensation Act, and Statute of Limitations. The court considers the other issues raised in the motion to be waived. After reviewing the submissions by the attorneys, and precedent in Illinois law, this court concludes that the Motion to Dismiss should be denied.

## WORKERS' COMPENSATION ACT

The Illinois Worker's Compensation Act, 820 ILCS 325, enacted in 1917 provides the exclusive remedy for certain injuries received in the course of and arising out of employment. The exclusivity clause, contained in Section 5, provides as follows:

§ 5. Damages; minors; third-party liability.

(a) Except as provided in Section 1.2, no common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization that is wholly owned by the employer, his insurer or his broker and that provides safety service, advice or recommendations for the employer or the

agents or employees of any of them for injury or death sustained by any
employee while engaged in the line of his duty as such employee, other than
the compensation herein provided, is available to any employee who is
covered by the provisions of this Act, to any one wholly or partially dependent
upon him, the legal representatives of his estate, or any one otherwise entitled
to recover damages for such injury.
820 Ill. Comp. Stat. Ann. 305/5

The Defendant contends that the Plaintiff's cause of action alleging a violation of
the Biometric Information Privacy Act is barred by the exclusivity provision of the
Worker's Compensation Act. However, it has not established that the injuries alleged
are either accidental within the meaning of the Act, or that they are compensable under
the Act. Violation of the Biometric Privacy Information Act requires a deliberate act on
the part of the employer. It is not accidental from the perspective of the employer.

Further, as the court pointed out in *Foster v. Johnson*, 378 Ill. App. 3d 197, 200,
882 N.E.2d 108, 111 (2007), dismissing based on a 2-619 motion is premature where it
has not been established that the claimed injury is even compensable under the Workers
Compensation Act, stating:"In this case, section 5(a) is not applicable because the
Industrial Commission has not determined whether the plaintiff's injuries are
compensable under the Act. In order to be compensable under the Act, the plaintiff first
must show that he has suffered an injury that arose out of and was in the course of his
employment. *Sisbro v. Industrial Comm'n*, 207 Ill.2d 193, 203, 278 Ill.Dec. 70, 797
N.E.2d 665, 671 (2003)."

Finally, to dismiss the causes of action alleging a violation of the Biometric
Information Privacy Act based on the exclusivity provision of the Workers'
Compensation Act would render the Biometric Information Privacy Act meaningless.
That construction violates fundamental principles of statutory construction. As the
Supreme Court has repeatedly pointed out, "A court presumes that two or more statutes
which relate to one subject are governed by one spirit and policy, and that the legislature
intended the statutes to be operative and harmonious. Therefore, statutes relating to the
same subject must be compared and so construed with reference to each other that
effect may be given to all of the provisions of each, if it can fairly and reasonably be
done." *Henrich v. Libertyville High Sch.*, 186 Ill. 2d 381, 391–92, 712 N.E.2d 298, 304
(1998), as modified on denial of reh'g (June 1, 1999).

Therefore, the court concludes that the Plaintiff's complaint may not be
dismissed based on the exclusivity provision of the Workers' Compensation Act.

## STATUTE OF LIMITATIONS

The Defendant also asserts that the one year statute of limitations period contained in Section 13-201 of the Code of Civil Procedure applies. It provides:

§ 13-201. Defamation--Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued. 735 Ill. Comp. Stat. Ann. 5/13-201

It contends that, since the limitations period associated with privacy is most closely related to the cause of action set forth in the Biometric Information Privacy Act, it should apply.

However, the limitations period in Section 13-201 does not apply to all causes of action for breach of privacy. By its own terms, it only applies only to "publication of matter violating the right of privacy." This distinction is important because there are four types of privacy breaches recognized at common law; and not all of them are included within the coverage of Section 13-201. Specifically, the one year time period of that section does not apply to the recently recognized tort of intrusion upon exclusion, *Benitez v. KFC Nat. Management Co.*, 305 Ill.App.3d 1027 (2d Dist. 1999). When comparing breaches of privacy, intrusion upon exclusion, although not completely analogous, is more closely related to the cause of action created by the legislature in the Biometric Information Privacy Act than the common law privacy actions identified in Section 13-201.

Furthermore, the court finds that the opinions cited by the Defendant applying the one year statute of limitations period of Section 13-201 to the Right of Publicity Act distinguishable. As the Second District pointed out in *Blair v. Nevada Landing Partnership*, 369 Ill.App.3d 318 (2d Dist. 2006, the Right of Publicity Act was essentially a codification of the common law remedy of appropriation of likeness. Since Section 13-206 had been applied to that common law remedy, the court deemed it appropriate to apply it to statutory claims as well. Further, the common law remedy and Right of Privacy Act both involve publication.

Finally, the court points out that the Biometric Information Privacy Act creates an entirely new and distinct cause of action unrelated to the ones identified in Section 13-206. Having considered the authority cited by both sides, and all relevant authority, the court concludes that Section 13-206 does not apply to the Plaintiff's cause of action. Therefore the Motion to Dismiss must be denied.

Dated: January 24, 2020

Adrienne W. Albrecht
Circuit Court Judge

EXHIBIT 7

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

THOMAS ROBERTSON,     )
individually, and on behalf of all  )
others similarly situated,    )
            Plaintiff, )
  v.             )  Case No. 18-CH-5194
HOSTMARK HOSPITALITY   )
GROUP, INC., et al,      )
                )
       Defendants,  )

## MEMORANDUM AND ORDER

Defendants Hostmark Hospitality Group, Inc. and Raintree Enterprises Mart Plaza, Inc. have filed a motion to dismiss Plaintiff, Thomas Robertson's complaint pursuant to 735 ILCS 5/2-619.1.

### I.  Background

The Biometric Information Privacy Act ("BIPA") requires private entities in possession of biometric information to develop a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric information. 740 ILCS 14/15(a). BIPA also requires a private entity to obtain written consent from the individual before it can collect the individual's biometric information. 740 ILCS 14/15(b). Significantly, BIPA prevents a private entity from disseminating an individual's biometric information unless it has received the individual's consent. 740 ILCS 14/15(d).

Section 14/20 of BIPA grants any person aggrieved by a violation of BIPA a right of action. 740 ILCS 14/20. A prevailing party may recover actual damages or a statutory penalty whichever is greater for each violation. 740 ILCS 14/20 (1) and (2).

### A. Plaintiff Thomas Robertson

Plaintiff Thomas Robertson ("Robertson") filed a Class Action Complaint (the "Complaint"). Robertson alleges that he worked as a food and beverage manager for Defendants Hostmark Hospitality Group, Inc. ("Hostmark") and Raintree Enterprises Mart Plaza, Inc. ("Raintree") (collectively "Defendants") from 2010 to January 2016. (Compl. at ¶41). Robertson alleges that beginning in 2010, as a condition of his employment, he was required to scan his fingerprint so Defendants could authenticate and track his time. (Id. at ¶42). Robertson alleges that Defendants stored his fingerprint data in their employee database. (Id. at ¶43).

Robertson alleges that Defendants violated BIPA because: (1) he was never informed of the specific limited purposes or length of time for which Defendants collected, stored, and disseminated his biometric information; (2) he was never informed of any biometric data retention and deletion policy; (3) he never signed a written release allowing Defendants to

collect, store, use, or disseminate his biometric data; and (4) upon information and belief, Defendants have disclosed his fingerprint data to at least one out-of-state third-party vender. (Compl. at ¶¶33, 45-47, 71, 76-77, 81, 86-88, 92, 97-98).

## II.    Motion to Dismiss

Defendants are seeking to dismiss the Complaint pursuant to 735 ILCS 5/2-619.1. Section 2-619.1 allows a party to bring a combined motion to dismiss under Sections 2-615 and 2-619. 735 ILCS 5/2-619.1.

"A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. Yoon Ja Kim v. Jh Song, 2016 IL App (1st) 150614-B, ¶41. "Such a motion does not raise affirmative factual defenses but alleges only defects on the face of the complaint." Id. "All well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." Kagan v. Waldheim Cemetery Co., 2016 IL App (1st) 131274, ¶29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations of the complaint in the light most favorable to the plaintiff. Unless it is clearly apparent that the plaintiff could prove no set of facts that would entitle him to relief, a complaint should not be dismissed." Id.

A section 2-619 motion to dismiss "admits the legal sufficiency of the complaint and affirms all well-pled facts and their reasonable inferences, but raises defects or other matters either internal or external from the complaint that would defeat the cause of action." Cohen v. Compact Powers Sys., LLC, 382 Ill. App. 3d 104, 107 (1st Dist. 2008). A dismissal under §2-619 permits "the disposal of issues of law or easily proved facts early in the litigation process." Id. Section 2-619(a)(5) authorizes dismissal where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5).

### A.    Section 2-619

Defendants argue that the Complaint should be dismissed pursuant to section 2-619 because (1) his claim is preempted by the Illinois Workers' Compensation Act (the "IWCA"); and (2) his claims are time barred by any applicable statute of limitations.

### 1. Preemption

Defendants argue that the IWCA preempts Robertson's claims because his injury falls into the types of injuries covered by the IWCA. (Memo at 11). The court disagrees.

Section 305/5(a) of the IWCA (the "exclusivity provision") provides:

[. . .] no common law or statutory right to recover damages from the employer [...] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act [. . .].

820 ILCS 305/5(a).

2

In order to avoid the exclusivity provision an employee must establish "that the injury (1) was not accidental; (2) did not arise from his employment; (3) was not received during the course of employment; or (4) was not compensable under the [IWCA]." Folta v. Ferro Engineering, 2015 IL 118070, ¶ 14.

The Illinois Supreme Court has held that "whether an injury is compensable is related to whether the type of injury categorically fits within the purview of the Act." Folta, 2015 IL 118070, ¶ 23.

Robertson's alleged injury is not compensable under the IWCA because it is not a type of injury which categorically fits within the purview of the IWCA.

"The purpose of the [IWCA] is to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do." Mytnik v. Illinois Workers' Compensation Comm'n, 2016 IL App (1st) 152116WC, ¶ 36. Defendants offer no explanation as to how Robertson's statutory right to maintain his privacy in his biometric data is a risk or hazard peculiar to his employment as a food and beverage manager.

Further, the court finds persuasive Judge Raymond W. Mitchell's well-considered opinion in McDonald v. Symphony Bronzeville Park, LLC, et al., No. 2017-CH-11311 (Cir. Ct. Cook Cty. June 17, 2019). In McDonald, Judge Mitchell held that the plaintiff's loss of her ability to maintain her privacy rights under BIPA was neither a psychological nor a physical injury and thus was not compensable under the IWCA.

Therefore, the court finds that the IWCA does not preempt Robertson's claim.

## 2. Statute of Limitations

Section 14/20 of BIPA does not include a statute of limitations. Defendants have identified three different statutes of limitation which they think are applicable. The court will address each in turn.

Initially, Defendants have argued that public policy favors the application of the shortest possible statute of limitations.

The Illinois Supreme Court has held that "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action." Travelers Casualty & Surety Co. v. Bowman, 229 Ill. 2d 461, 466 (2008) (quoting Armstrong v. Guigler, 174 Ill. 2d 281, 286 (1996)). "[I]t is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." Travelers, 229 Ill. 2d at 466. "To determine the true character of a plaintiff's cause of action, [Armstrong] emphasized that '[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought.' " Travelers, 229 Ill. 2d at 467 (quoting Armstrong, 174 Ill. 2d at 291).

Defendants have cited no case law which indicates that a court may apply any statute of limitations on a public policy basis. The court rejects Defendants' argument.

3

### a. 1-Year (Privacy Actions)

Section 13-201 provides that "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201.

Defendants argue that because Robertson is alleging a violation of his right to privacy in his biometric data, Section 13-201 applies. Robertson argues that Section 13-201 applies only to privacy claims involving a publication element. The court agrees with Robertson.

Section 14/20 of BIPA grants any person aggrieved by a violation of BIPA (a statute) a right of action. 740 ILCS 14/20. The fact that Robertson alleges his privacy rights were violated does not change the fact that the true nature of any potential liability stems from alleged violations of the BIPA statute. The Travelers' court makes clear that regardless of Robertson's allegation that his privacy rights were violated; we are dealing with an action for a violation of the BIPA statute and not an action for slander, libel, or for the publication of matter violating the right to privacy. Travelers, 229 Ill. 2d at 466; 735 ILCS 5/13-201.

Even assuming that Section 14/20 of BIPA created an action for violating a right of privacy in one's biometric data, the plain and unambiguous language of Section 13-201 is clear that it applies to actions *for publication* of matter violating the right of privacy. 735 ILCS 5/13-201. Nothing in the plain and unambiguous language of Section 14/20 indicates that publication is a necessary element for a person to be aggrieved by a violation of the BIPA statute. 740 ILCS 14/20.

While Defendants point out that Robertson has alleged that his biometric data has been disseminated (published) to at least one out-of-state third-party vendor and disclosed (published) to other, currently unknown, third-parties in violation of Section 15/15(d) of BIPA, Defendants have not cited any legal authority to justify the application of Section 13-201 to the alleged violations of the other sections of BIPA. (Compl. at ¶33); 740 ILCS 14/15(d); 735 ILCS 5/13-201.

Therefore, the court finds that Section 13-201 does not apply to Robertson's claims.

### b. 2-Year (Penal Statues)

Section 13-202 provides that "Actions for [. . .] a statutory penalty [. . .] shall be commenced within 2 years next after the cause of action accrued [. . .]. 735 ILCS 5/13-202.

Defendants argue that because Section 14/20 of BIPA is penal in nature Section 13-202 applies. Robertson argues that because Section 14/20 of BIPA is remedial in nature Section 13-202 does not apply. The court agrees with Robertson.

A statutory penalty is penal in nature if it "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." Landis v. Marc Realty, L.L.C., 235 Ill. 2d 1, 13 (2009) (citing McDonald's Corp. v. Levine, 108 Ill. App. 3d 732, 738 (1982)).

Here, it is clear that Section 14/20 does not impose damages without regard to the actual damages suffered by a plaintiff because it allows a plaintiff to recover the greater of his actual damages or the applicable liquidated damages amount. 740 ILCS 14/20. The fact that a plaintiff

may be awarded or seeks only liquidated damages does not mean Section 14/20 is penal in nature.

The Illinois Supreme Court's decision in <u>Standard Mutual Insurance Co. v. Lay</u>, 2013 IL 114617 instructive. In <u>Standard Mutual</u>, the Supreme Court held that the statutory penalty of the Telephone Consumer Protection Act (the "TCPA") was remedial and not penal. <u>Standard Mutual</u>, 2013 IL 114617, ¶ 33. The TCPA allows a person to bring an action to recover their actual monetary loss or $500 for each violation, whichever was greater. <u>Id.</u> at ¶29. In reaching its holding the Supreme Court noted that the TCPA was "clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." <u>Id.</u> at ¶ 31 (quoting <u>Scott v. Association for Childbirth at Home, International</u>, 88 Ill. 2d 279, 288 (1981)). "Whether we view the $500 statutory award as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both, the $500 fixed amount clearly serves more than purely punitive or deterrent goals." <u>Id.</u> at ¶ 32.

Like the TCPA, Section 14/20 of BIPA allows a plaintiff to recover either their actual damages or a liquidated amount. <u>Standard Mutual</u>, 2013 IL 114617, ¶ 29; 740 ILCS 14/20. Also like the TCPA, BIPA is clearly "within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good or cure public evils." <u>Standard Mutual</u>, 2013 IL 114617, ¶ 31.

As the Illinois Supreme Court pointed out in <u>Rosenbach v. Six Flags Entertainment Corp.</u>, 2019 IL 123186, ¶ 37, by allowing private entities to face liability for violating BIPA, without requiring an individual to show more than a violation of their statutory rights, "those entities have the strongest possible incentive to conform to the law and prevent problems before they occur and cannot be undone." Whether this court views Section 14/20's liquidated damages provisions "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both, the [liquidated damages] amount clearly serves more than purely punitive or deterrent goals." <u>Standard Mutual</u>, 2013 IL 114617, ¶ 32.

Therefore, the court finds that Section 13-202 does not apply to Robertson's claims.

### c.   5-Year (Catchall 5-Year)

Section 13-205 provides "[. . .] all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205.

Because, Section 14/20 does not contain a limiting provision and neither Section 13-201 nor Section 13-202 applies, the court finds that Section 13-205 provides the applicable statute of limitation for Section 14/20.

### 3. Whether Robertson's Claims are barred by the 5-Year Statute of Limitations

Robertson filed his complaint on April 1, 2019. Defendants argue that Robertson's claims are barred under Section 13-205 because management position employees, like Robertson, are not hourly employees and have not used timekeeping devices since January 16, 2013. (Memo Ex. 2, ¶ 6). Robertson argues his claims are not barred by Section 13-205 because he continued

to use the fingerprint scanning method of authentication periodically through 2014. (Response Ex. 1, ¶ 7). The parties have supported their arguments with affidavits.

In deciding the merits of a Section 2-619 motion, "a trial court cannot determine disputed factual issues solely upon affidavits and counter-affidavits." <u>Vaughn v. Blue Cross Blue Shield of Illinois</u>, 403 Ill. App. 3d 830, 836 (1st Dist. 2010). Because the parties have presented conflicting affidavits, the court cannot resolve this disputed factual issue on a Section 2-619 motion and denies Defendants' motion without prejudice. 735 ILCS 5/2-619(c).

**B. Section 2-615**

Defendants argue that Robertson's complaint must be dismissed because he has failed to identify who his employer was, in violation of the Illinois fact pleading requirements. The court disagrees.

Illinois is a fact pleading jurisdiction. <u>Simpkins v. CSX Transportation, Inc.</u>, 2012 IL 110662, ¶ 26. Fact pleading does not require a plaintiff to set forth evidence but does require a "plaintiff allege facts sufficient to bring a claim within a legally recognized cause of action." <u>Simpkins</u>, 2012 IL 110662, ¶ 26. "A plaintiff may not rely on conclusions of law or fact unsupported by specific factual allegations." <u>Id.</u>

Here, Robertson's complaint does allege the ultimate facts which if proven would bring his claim within the legally recognized cause of action for a violation of the BIPA statute. While Defendants are correct that throughout Robertson's complaint he generally refers to both Defendants, Defendants have cited[1] no persuasive or binding case law which indicates this practice violates Illinois fact pleading requirements. Robertson's complaint it is clear that he is alleging that both defendants employed him and engaged in conduct violating BIPA. (Compl. at ¶¶33, 41-47, 71, 76-77, 81, 86-88, 92, 97-98).

**III. Conclusion**

Defendants' motion to dismiss pursuant to 735 ILCS 5/2-619 is denied without prejudice.

Defendants' motion to dismiss pursuant to 735 ILCS 5/2-615 is denied without prejudice.

The status date of August 2, 2019 is stricken. Status is set for August 22, 2019

Entered:

ENTERED
Judge Neil H. Cohen-2021
JUL 31 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL.
DEPUTY CLERK

---

[1] The court notes that Defendants have cited <u>Carter v. Dolan</u>, No. 08 C 7464, 2009 U.S. Dist. LEXIS 53735, a non-binding opinion from the Northern District of Illinois, and <u>Elder v. Cook Count Department of Corrections.</u>, 2016 IL App (1st) 153428-U, an unpublished opinion. Although a circuit court may look to federal court orders for guidance or persuasive authority they are not binding authority. <u>Reichert v. Board of Fire & Police Commr's of Collinsville</u>, 388 Ill. App. 3d 834, 845 (5th Dist. 2009). Similarly, unpublished opinions are not binding authority and may not be cited as persuasive authority. Ill. Sup. Ct., R 23(e).